The People ex rel. Jasper W. Gilbert, Respondent, *v.* Edward Wemple, as Comptroller, etc., Appellant.

Under the provision of the State Constitution (Art. 6, § 13), prohibiting a judge or justice from holding office "longer than until and including the last day of December next after he shall be seventy years of age," and providing that "the compensation of every judge of the Court of Appeals and of every justice of the Supreme Court, whose term of office shall be abridged pursuant to this provision, and who shall have served as such judge or justice ten years or more, shall be continued during the remainder of the term for which he was elected," it is not essential that the ten years of service mentioned should be of the term abridged; it is sufficient if the judge or justice has served as such for ten or more successive years. (Ruger, Ch. J., Andrews and O'Brien, JJ., dissenting.)

*It seems* that even greater care and caution should be used in adding words to or striking them from a provision of the Constitution, on the ground that it is necessary in order to obtain its true meaning, than if the provision were contained in a statute.

(Submitted January 15, 1891; decided February 24, 1891.)

Appeal from order of the General Term of the Supreme Court in the third judicial department, made November 25, 1890, which affirmed an order of Special Term directing a writ of peremptory mandamus to issue commanding the defendant, as comptroller of the state of New York, to pay to the relator the sum of $6,000 claimed to be due him for arrears of com-

pensation as a justice of the Supreme Court, whose term of office had been abridged pursuant to section 13 of article 6 of the Constitution.

The facts, so far as material, are stated in the opinion.

*Charles F. Tabor, Attorney-General,* for appellant. There is nothing in section 13 of article 6 of the Constitution, or in the amendment of 1880, separately or together, which tends to show that the people, by the adoption thereof, were trying to provide for a general pension to all judges and justices who might have served ten years as such long before the adoption thereof. (*People* v. *Gardner,* 45 N. Y. 818.) The reason and intention of the law given will control the strict letter of the law when the latter would lead to palpable injustice and contradiction. (*People* v. *Gardner,* 45 N. Y. 818; *People* v. *Potter,* 47 id. 379; *People* v. *Lacombe,* 99 id. 49.) There is nothing on the face of the provisions of the amendment of 1880, which in the slightest degree tends to show that there was any intention that they should have any retroactive force whatever. These provisions can have full force and effect, however, by applying them to cases of judges to be thereafter elected. (*In re Miller,* 110 N. Y. 223; *People* v. *O'Brien,* 111 id. 59.) Chapter 295 of the Laws of 1890 referred to in the moving affidavit of the relator, does not name this relator. If it was intended to apply to him, then the law is unconstitutional and void. But it is doubtful whether the appropriation made by this act in the general language employed is in any event a sufficient compliance with section 8 of article 7 of the Constitution. Neither does this act furnish any evidence as to the proper construction which should be given to the constitutional amendment of 1880. (*People ex rel.* v. *Wemple,* 115 N. Y. 307.)

*Stephen P. Nash* for respondent. The provision of the Constitution is explicit and is clearly in favor of the claim of the relator. (*Newell* v. *People,* 3 Seld. 9, 97; *People* v. *Wemple,* 115 N. Y. 302, 308.) The state authorities have given a

practical construction to this article of the Constitution by pay-
ing to all the judges, without exception, whose terms have been
abridged, including the relator, the salary originally attached
to the office; and now the decision of the Court of Appeals in
*Bockes* v. *Wemple* (115 N. Y. 302), establishes that the addi-
tional compensation of $1,200, given by the laws of 1872,
stands upon the same footing as the original salary. (Cooley
on Const. Lim. 67–71.)    The decision at Special Term was a
sufficient protection to the comptroller to make the payment
applied for, and his appeal should, therefore, be subject to the
same rules as that of ordinary litigants. (Code Civ. Pro.
§ 2286.)

PECKHAM, J.    The Constitution of this state (Sec. 13, art. 6)
provides that: "The official terms of the said justices and
judges, who shall be elected after the adoption of this article,
shall be fourteen years from and including the first day of
January next after their election.    But no person shall hold
the office of justice or judge of any court longer than until
and including the last day of December next after he shall be
seventy years of age.    The compensation of every judge of
the Court of Appeals, and of every justice of the Supreme
Court, whose term of office shall be abridged pursuant to this
provision, and who shall have served as such judge or justice
ten years or more, shall be continued during the remainder of
the term for which he was elected."

The relator was first elected a justice of the Supreme Court
in November, 1865, for a term of eight years commencing on
the 1st day of January, 1866.    In November, 1873, while still
serving as such justice, he was re-elected.    His term would
have been fourteen years, ending December 31, 1887, but
for the fact that he reached the age of seventy years in
June, 1882, and by reason of the above provision of the Con-
stitution his term of office was abridged, and it ended on the
31st of December, 1882.    On the last-named date the relator
had served seventeen successive years as a justice of the
Supreme Court.

The question to be determined is whether the ten years of service mentioned in the Constitution must be ten years of the term which is abridged by the judge or justice becoming seventy years of age.

The language of the Constitution does not say so. No such condition is in terms expressed therein.

The two conditions mentioned are that the term of office of the judge or justice shall be abridged by reason of arriving at the age of seventy years, and that he shall have served as such judge or justice ten years or more. The words " as such judge or justice " clearly relate to a judge of the Court of Appeals or a justice of the Supreme Court.

As the condition is not expressed in the instrument, why should it be implied?

The learned attorney-general argues that such was the real intention, and when that intention is ascertained, it must and should prevail over the strict letter of the law when the latter would lead to probable injustice, contradiction or absurdity.

It may be assumed that if such were the real intention it should prevail over the strict letter of the provision. I do not see, however, where the foundation is for the assertion that it was the real intention to limit the ten years of service to the term abridged, and that, therefore, it should be so construed. The opposite construction leads neither to palpable injustice, contradiction or absurdity. Whether the ten years of service has been divided by entrance upon a new term of office as such judge or justice, does not in the abstract seem to be very material. Clearly the idea of a somewhat prolonged service on the bench lies at the foundation of the provision and furnishes a plain argument for its adoption. It is the length of service and not the mere fact that the ten years have been served in the last term of office that in the nature of things would be deemed of material weight. And when to this length of service as such judge or justice is added the fact that the term of his holding the office is abridged by reason of age, the law then says that such judge or justice is entitled to compensation for the balance of the term for which he was elected.

It is true that judges or justices of these courts might possibly hold their offices for a number of years long past ten, and yet go out of office by expiration of their terms of office and not on account of age, and under such circumstances they would not be entitled to any compensation. But I see nothing in that fact which is of the slightest force as an argument one way or the other upon the point in question. It only shows that there may be cases of great length of service as a judge or justice of these courts without any claim to compensation after the expiration of the regular term of office. If the term expire by reason of the running of the full term of fourteen years before the judge or justice reaches the age of seventy, and he thereupon goes out of office, the provision of the Constitution does not meet his case. His term has not been abridged although he may have been twenty, thirty, or even more years on the bench, and he has already received compensation for the full term for which he was elected. This only proves that the constitutional provision fails to meet a deserving case. If the construction of the appellant were adopted, the same force to the facts urged could be given. We would still have the case of one who had acted as a judge or justice of one of these courts for many years, but whose term finally expired by efflux of time before he reached the age of seventy years, and who would not be entitled to any further compensation, while the individual who had served but ten years as a judge or justice, and whose first and only term was abridged by reason of his age, would be entitled to compensation for the balance of the term for which he was elected. In the latter case such compensation could not reach over a period of more than four years, while under our construction it might last a few years longer. That one fact is not enough to cause us to import words into the Constitution which are not there, for the purpose of altering the meaning of that instrument as it actually reads. It seems to me that even greater care and caution should be used in adding or striking out words from a provision in our organic law, on the ground that it is necessary in order to obtain the true meaning of such provision, than if such provision

490 . People ex rel. Gilbert *v.* Wemple. [Feb.,

Opinion of the Court, per Peckham, J.

were contained in a statute, because the fundamental law of the state is presumed to be and indeed is prepared with the very greatest deliberation and adopted only after every opportunity for reflection upon the meaning of each word has been had by different legislatures and by the people at large. To construe the provision as the appellant claims it should be construed, is to add words which are not there now and which when thus added, alter materially the meaning of the provision.

Again it is urged that by our construction one may be elected a judge or a justice of either of these courts, serve out his term of office, go off the bench, and then years after be re-elected just before he arrives at the age of seventy years, and then be entitled to his compensation.

Extreme cases which might by possibility arise, furnish very unsatisfactory grounds from which to argue the correctness or incorrectness of any particular construction of a constitutional or statutory nature. This supposed contingency is one which in the nature of things would rarely if ever happen. Persons are not elected to the responsible office of judge of the Court of Appeals or justice of the Supreme Court in their early youth. The rule is and has been to elect those who have served some time at the bar, and they go on the bench generally as mature men. Fourteen years added to their lives will place them in the ranks at least of the middle-aged. To re-elect them is perhaps not unnatural. It certainly is frequent. It is not customary, however, to drop them and leave them to the contingencies of life, and subsequently re-elect them as judges or justices just before their arrival at seventy years. To escape such a remote contingency, unheard of, improbable and almost impossible, we are asked to formally supply words to a constitutional provision which shall alter its otherwise plain meaning.

Then again this whole question is one for the people themselves to decide. If they do not think that an individual, who will have but a very brief portion of his official term to serve because of age, ought to have the compensation provided for such an officer after reaching seventy years, they have the power to refuse to elect him, and that will prevent any ques-

tion arising regarding compensation. There is nothing in the nature of the provision which should lead us to seek to limit and belittle it as a temporary provision made by the Constitution for the judges and justices of the courts mentioned, after they are relieved from active duties on the bench and denied further service by reason of advancing age.

The Federal Supreme Court judges are allowed to resign after ten years of service and the attainment of the age of seventy years with full pay for the balance of their lives. The provision made by our Constitution was probably modelled after the federal statute, regard being had to the difference between a life tenure of the judicial office and a tenure bounded by years. The ten years service on the part of the federal judge must have been passed, and he must have arrived at the age of seventy years before he is entitled to retire from active duties and still retain the compensation of a justice of the Supreme Court of the United States. In the case of the state judge, he must have reached the age of seventy, his judicial term must have been abridged by reason of his having arrived at that age, and he must have served ten years as a judge or justice of the courts named. Then, instead of a compensation for life, he is to have it only for the remainder of the term which has been abridged. As long, in other words, as his judicial life would otherwise have lasted but for his arrival at the age mentioned. In effect, therefore, the compensation in both cases, state and federal, is for the balance of the judicial life of the officer.

I see no reason in principle for holding that the ten years of service as such judge or justice should all be taken from the term of office which is abridged by the incumbent arriving at the age of seventy years.

I think the order appealed from should be affirmed, but as the question is new and the defendant a public officer acting undoubtedly in entire good faith, it should be without costs.

O'BRIEN, J. (dissenting). At the general election held in this state in the month of November, 1865, the relator was

elected to the office of justice of the Supreme Court for a term of eight years, beginning January 1, 1866, and ending December 31, 1873. At the general election held in the month of November, 1873, he was again elected to the same office for a term of fourteen years, beginning January 1, 1874, and ending December 31, 1887.

On the 15th of January, 1882, be attained the age of seventy years, and the full term for which he was last elected was abridged by the provisions of the Constitution of the state and ended December 31, 1882.

He has been paid from the state treasury during the five years, from December 31, 1882, to December 31, 1887, the sum of $6,000 per year, as the salary of a justice of the Supreme Court, but has not been paid the $1,200 per year allowed by the statute for expenses. This sum, amounting to $6,000 for five years, the relator demanded from the defendant, the comptroller of this state, who declined to pay the same, for the reason that the relator, not having served ten years of his term, which was abridged, was not within the provisions of article 6, section 13 of the Constitution.

The money necessary to pay the relator's claim has been duly appropriated by the legislature, and there is no ground upon which payment can properly be refused, unless it be the one above stated.

The Special Term of the Supreme Court, upon the relator's application and after a hearing, granted an order directing a peremptory mandamus to issue, directed to the defendant, as comptroller, commanding him to pay to the relator the said sum of $6,000, and this order has been affirmed by the General Term.

This court has held in a case clearly within the provisions of the Constitution above referred to, that the word "compensation" meant the sum of money that the judge was in receipt of from the state when his term of office was abridged, namely, the annual salary of $6,000, provided by section 9, chapter 408 of the Laws of 1870, and also the sum of $1,200 per year in lieu of expenses provided by section 1, chapter 541 of the

Laws of 1872.   (*People ex rel. Bockes* v. *Wemple*, 115 N. Y. 302.).

The only question now open for consideration is whether the relator's case comes within the provisions of the Constitution. It must be admitted that if the literal reading alone of the provision is to be followed, then the case for the relator is established. A constitutional provision must be construed and its true meaning determined by the application of the same rules that courts have sanctioned for the interpretation of statutes. These canons of construction have been so frequently explained and applied by this court in ascertaining the meaning of the provisions of the Constitution and statutes that an extended reference to the cases is not necessary. The article of the Constitution which embraces the section now under review has quite frequently been the subject of construction and interpretation by this court, and in one of these cases the rule of construction by which we must be guided now is stated in very clear and comprehensive terms: " In the construction of a law, every part of it must be viewed in connection with the whole, so as to make, if possible, all its parts harmonious. The intent of the law makers is to be sought for. When it is discovered it is to prevail over the literal meaning of the words of any part of the law. And this intent is to be discovered, not alone by considering the words of any part, but by ascertaining the general purpose of the whole, and by considering the evil which existed calling for the new enactment and the remedy which was sought to be applied ; and when the intent of the whole is discovered, no part is to be construed so that the general purpose shall be thwarted, but all is to be made to conform to reason and good discretion." (*People ex rel. Jackson* v. *Potter*, 47 N. Y. 375 ; approved, *People ex rel. Killeen* v. *Angle*, 109 id. 564.) In another case this court said, that " effect must be given to the intention of the legislature whenever it can be discovered, though such construction seem contrary to the letter of the statute." (*Smith* v. *People*, 47 N. Y. 330.)

This section of the judiciary article, when first adopted in

1870, treated exclusively of the manner of election of the judges of certain courts, and of their official terms, which were fixed at fourteen years, the terms until then being but eight years, and it closed with this general proviso: " But no person shall hold the office of justice or judge of any court longer than until and including the last day of December next after he shall be seventy years of age." It was held in *People* v. *Gardner* (45 N. Y. 812) that this limitation grew out of the circumstance that the new article provided for long terms for judges, nearly double the term that had previously existed, and from the apprehension that during this long term the natural decay of the man might at times leave upon the bench an inefficient judge, and that it did not apply to a county judge in office when the article went into effect. The provision stood unchanged until the general election of 1880, when a further clause was added which reads as follows: " The compensation of every judge of the Court of Appeals, and every justice of the Supreme Court whose term of office shall be abridged pursuant to this provision, and who shall have served as such judge or justice ten years or more, shall be continued during the remainder of the term for which he was elected." The benefits of this provision apply to the remainder of an abridged term, and the judge who claims the compensation must "have served as such judge or justice ten years or more." These qualifying words, in my opinion, apply to the term abridged, and the ten years of judicial service required in order to entitle the retiring judge to claim compensation for the remainder of the term cannot be made up by resort to previous official terms during which he may have served. The entire provision evidently refers to the single official term which is abridged or shortened by the limitation as to age. The "remainder of the term" is the period during which the judge is entitled to the compensation, and the ten years of previous judicial service must have been on the abridged term and not on some other term, whether created by this section or constitutional provisions previously existing. The word " term " is used both at the beginning and close of the

sentence, and reference is made in such case to the "term abridged." And when it declares that the compensation of the judge shall continue during the "remainder of the term for which he was elected," the natural and obvious meaning of the word "remainder" is what is left of the term after deducting therefrom the ten years or more of service.

This section of the judicary article, as amended in 1880, should, in my opinion, be construed in the same way as if it read : "The compensation of every judge    *    *    * whose term of office shall be abridged    *    *    * and who shall have served ten years or more of such term shall be continued during the remainder of the term for which he was elected."

The relator served but nine years of the term which was abridged, and the ten years of service is made up by resorting to another term of eight years, commencing in 1866 and ending several years before the amendment of 1880 was proposed or adopted. If the clause requiring ten years of service is satisfied by including years of service upon previous terms, there need be no limit to the time when such service shall have been rendered. If at any period during the life-time of the judge claiming to be within this provision, no matter how remote, he may have served as judge a number of years sufficient, with the fragment of the term abridged by the Constitution to make up ten years, he would be entitled to compensation for the remainder of the term for which he was elected, which might, in some cases, still have thirteen years to run.

A literal reading of the section as it now stands in the Constitution would, as already observed, justify this construction. But it seems to me to be an entirely different result from that contemplated by the legislature that framed the amendment and the people who adopted it. It is more reasonable to suppose that the end in view was to permit judges whose terms were abridged by the limitation as to age to receive the compensation for a short period, though out of office, having served at least ten years of the term so abridged. When the origin, history and purpose of this section as amended is kept in view, nothing is found to indicate that the legislators who

proposed it, or the people who adopted it, had in mind or intended it to apply to all cases where ten years or more of service might occur through successive elections of the incumbent. It was intended to apply to exceptional cases which experience had shown arose under the long terms fixed by the Constitution in 1870. It was found that the limitation cut short a term to which the incumbent was elected by the people and which was well nigh completed, and in a case where at least ten years of the term had been served, it was thought just to permit him to draw the salary during the four years, or less, that remained. This seems to me to have been the real intention and purpose of the framers of the provision under consideration, and the reason and intention should control the strict letter of the law.

The order of the General and Special Terms should, therefore, be reversed.

All concur with PECKHAM, J., except RUGER, Ch. J., ANDREWS and O'BRIEN, JJ., who concur in dissenting opinion.