PEOPLE ex rel. NEW YORK CENT. & H. R. R. CO. v. WOODBURY et al.,
State Board of Tax Com'rs.

(Supreme Court, Appellate Division, Third Department.   November 16, 1910.)

1. TAXATION (§ 145*)—"SPECIAL FRANCHISE"—HIGHWAY CROSSINGS.

Special Franchise Tax Law (Laws 1896, c. 908, as amended by Laws 1899, c. 712) § 2, subd. 3, authorizes the assessment for the purpose of taxation of all franchises, etc., to construct a railroad above, on, or through streets, highways, or public places. Laws 1896, c. 908, § 2, subd. 4, as amended by Laws 1901, c. 490, provides that the term "special franchise" shall not be deemed to include the crossing of a street, highway, etc., where such crossing is not at the intersection of another street or highway, unless such crossing shall be at other than right angles for a distance of 250 feet, in which case the whole of such crossing shall be deemed a special franchise. Statutory Construction Law (Laws 1892, c. 677) § 1, provides that it is applicable to every statute, unless its general object, or the context of the language construed or other provisions of law, indicate that a different meaning was intended, etc. Section 8 (incorporated in General Construction Law [Laws 1909, c. 27, § 35; Consol. Laws, c. 22]) provides that words in the singular number include the plural and in the plural number include the singular. *Held,* that under such rule the term "special franchise" includes the crossing of any number of streets, highways, or public places adjoining each other, where the crossing is at other than right angles for a distance of not less than 250 feet.

[Ed. Note.—For other cases, see Taxation, Dec. Dig. § 145.*

For other definitions, see Words and Phrases, vol. 7, p. 6576.]

2. RAILROADS (§ 93*)—FRANCHISES—POWER TO GRANT.

A town, village, or city has no power to grant a franchise to a railroad to construct and operate its road across or above a highway; such power resting in the highway authorities.

[Ed. Note.—For other cases, see Railroads, Dec. Dig. § 93.*]

Appeal from Special Term, Albany County.

Certiorari by the People, on the relation of the New York Central & Hudson River Railroad Company, against Egburt E. Woodbury and others, constituting the State Board of Tax Commissioners, to review an assessment in the Town of Minden. From a final order vacating the assessment, respondents appeal. Modified, and, as modified, affirmed.

Appeal by the relator from an order vacating an assessment of a special franchise made by the State Board of Tax Commissioners, in the year 1907, under the provisions of the tax law (chapter 908, Laws of 1896) as amended by chapter 712 of the Laws of 1899 and chapter 254 of the Laws of 1900.

A certiorari was issued to review the assessment, and a referee was appointed to take and report to the court the evidence with his findings of fact and conclusions of law upon the several issues made by the return. The referee found that the West Shore Railroad, of which the relator is the lessee, crosses the Erie Canal lands at other than right angles for a distance of 242.79 feet, and, continuing in the same direction, crosses a highway adjoining and parallel to the canal, for a distance of 62.64 feet; that the tracks were carried over the canal land by a lattice truss pin-connected bridge, the westerly end of which rests upon a pier built partly on the canal lands and partly within the bounds of the highway; that the tracks are carried over the highway by a through plate open-floor bridge, the easterly end of which

rests upon the pier; that the bridges were constructed in 1882 and rebuilt in 1905; that they do not lap; and that there is one continuous line of rails, ties, and track superstructure cross the bridge. The referee concluded that it was not lawful to assess as one special franchise the crossing of the canal lands and the crossing òf the adjoining highway, and that the assessment should be vacated. The referee also found that the assessments, general, in the town of Minden, were 80 per centum of full value, while the assessment by the State Board of Tax Commissioners was made at full value. When the matter came on for hearing at Special Term, the court adopted the findings of fact and conclusions of the referee and made the order appealed from.

Argued before SMITH, P. J., and KELLOGG, COCHRANE,. SEWELL, and HOUGHTON, JJ.

Harold J. Hinman, for appellants.

J. D. Wendell, for respondent.

SEWELL, J. The only question involved in this appeal is whether the right to cross the canal lands and the highway constitute a special franchise.

Subdivision 3 of section 2 of the Special Franchise Tax Law, so-called (Laws 1896, c. 908, as amended by Laws 1899, c. 712), authorizes the assessment for the purpose of taxation of all franchises, rights, or permission to construct, maintain, or operate a railroad in, under, above, on, or through streets, highways, or public places. Laws 1896, c. 908, § 2, subd. 4, as amended by Laws 1901, c. 490, provides that:

"The terms special franchise shall not be deemed to include the crossing of a street, highway or public place, where such crossing is not at the intersection of another street or highway, unless such crossing shall be at other than right angles for a distance of not less than two hundred and fifty feet in which case the whole of such crossing shall be deemed a special franchise."

In the endeavor to ascertain the intention of the Legislature, with respect to whether the term "special franchise" shall be deemed to include the right to construct, maintain, or operate a railroad on, across, or above two or more adjoining highways or public places at other than right angles for a distance of 250 feet, we need to go further than the statute itself. There was a provision in the statutory construction law (Laws 1892, c. 677, § 8) which is now incorporated in the general construction law (Laws 1909, c. 27, § 35 [Consol. Laws, c. 22]) that has a direct bearing upon this question. It reads as follows:

"Words in the singular number include the plural and in the plural number include the singular."

If this rule is applied to this case, and the words "highways" and "public places" are read into and made a part of the statute in question, it is plain that the term "special franchise" must be deemed to include the crossing of any number of streets, highways, or public places adjoining each other, where the crossing is at other than right angles for a distance not less than 250 feet. There can be no manner of doubt that this rule of statutory construction applies to the statute under consideration. Section 1 of the statutory construction law

provides that it "is applicable to every statute, unless its general object, or the context of the language construed, or other provisions of law indicate that a different meaning or application was intended from that required to be given by this chapter." No light is thrown on the question of the intent of the Legislature by the amendment of 1908 (chapter 295). The evident purpose of that amendment was to include for assessment as special franchises all crossings irrespective of distance and connections, within the boundaries of cities and villages, and to prevent the elimination of a crossing less the 250 feet which was the continuation of an occupancy of another street, highway, or public place.

It may also be observed, in answer to the contention of the respondent, that the right of the relator to construct and operate its railroad across or above the highway was received from the "highway authorities"; that there is no power in a town, village, or city to grant such a franchise. "That proposition was laid down in the case of Milhau v. Sharp, 27 N. Y. 611 [84 Am. Dec. 314], and it has ever since been recognized as the law of the State." Beekman v. Third Avenue R. R. Co., 13 App. Div. 279, 43 N. Y. Supp. 174. It was necessary for the relator to obtain an order of the Supreme Court, before it could exercise the right, but that conferred no franchise. That was only a condition prescribed by the Legislature that had to be complied with before the company could proceed to construct or operate its road. This franchise was granted by the people of the state and became perfect and complete the moment the corporation came into existence. Matter of Thirty-Fourth Street R. R. Co., 102 N. Y. 343, 7 N. E. 172.

Our conclusion, therefore, is that the order appealed from should be reversed, and the assessment made by the State Board of Tax Commissioners modified by deducting 20 per cent. from the valuation of the special franchise to equalize the assessment with the assessment of the other real property in the town, and, as so modified, affirmed, with $50 costs and disbursements. All concur; COCHRANE, J., in result.

PER CURIAM. Final order appealed from reversed on law and facts, and the determination of the tax commissioners modified by deducting 20 per cent. from the valuation of the special franchise to equalize the assessment with the assessment of the other real property in the town, and, as so modi-