THE PEOPLE OF THE STATE OF NEW YORK ex rel. THE
NEW YORK CENTRAL AND HUDSON RIVER RAILROAD
COMPANY, Appellant and Respondent, v. EGBURT E.
WOODBURY et al., Respondents.

THE CITY OF NEW YORK, Intervening, Respondent and
Appellant.

Tax — special franchise tax upon subways owned by railroad
company — when railroad bridge over a river not subject to special
franchise tax.

1. Under the authority of chapter 425 of the Laws of 1903, and by
virtue of agreements made between the relator and the city of New
York, the city granted to the relator the right to occupy and use
certain sub-surface property therein described on condition, among
other things, that no fee should be created in the soil, and reserving
certain rights as therein set forth. *Held*, that the grant so described
is a special franchise and properly assessed as such.

2. The relator owns a bridge over the Harlem river, the abut-
ments of which are built upon lands owned by it in fee. *Held*, that
the bridge is not tangible property situated in, upon, under or
above any street or highway, public place or public waters in con-
nection with a special franchise and is not taxable as such. Its
value may be deducted from the amount of the assessment without
vitiating the whole assessment.

*People ex rel. N. Y. C. & H. R. R. R. Co.* v. *Woodbury*, 150 App.
Div. 894, affirmed.

(Argued June 6, 1912; decided October 15, 1912.)

APPEAL from an order of the Appellate Division of the
Supreme Court in the third judicial department, entered
March 26, 1912, which affirmed an order of Special Term
reducing a special franchise tax assessment upon property
of the relator for the year 1908.

The facts, so far as material, are stated in the opinion.

*Alexander S. Lyman* for relator, appellant and
respondent. The referee and the courts below were
clearly right in holding that the southerly half of the

Harlem bridge was erroneously included in the assessment. The method adopted, however, of correcting the error was erroneous. (*People ex rel. H. & M. Ry. Co. v. Tax Comrs.*, 203 N. Y. 119; *Potter v. Mayor, etc.*, 151 N. Y. 16; *People ex rel. Garden City Co. v. Valentine*, 5 App. Div. 520; *People ex rel. N. Y., O. & W. R. Co. v. Woodbury*, 71 Misc. Rep. 474; 147 App. Div. 929.) The state board of tax commissioners was without jurisdiction to include as special franchises the title to the subsurface of certain streets near the Grand Central terminal which relator obtained from the city of New York pursuant to special legislation on the subject. (*People ex rel. H. & M. Ry. Co. v. Tax Comrs.*, 203 N. Y. 119.)

*Thomas Carmody, Attorney-General* (*William A. McQuaid* of counsel), for State Board of Tax Commissioners, respondent, and *Archibald R. Watson, Corporation Counsel* (*Curtis A. Peters* and *Addison B. Scoville* of counsel), for City of New York, respondent and appellant. The relator's right to construct, maintain and operate its railroad under and across Forty-fifth, Forty-sixth, Forty seventh, Forty-eighth and Forty-ninth streets is taxable as special franchise. (*People ex rel. H. & M. R. R. Co. v. Tax Comrs.*, 203 N. Y. 119; *People ex rel. Bryan v. Tax Comrs.*, 142 App. Div. 805; *Deshong v. City of New York*, 176 N. Y. 475; *People ex rel. N. Y. C. & H. R. R. R. Co. v. Gourley*, 198 N. Y. 486.) The southerly half of the bridge over the Harlem river was properly included in the assessment against relator's special franchise. (*People ex rel. M. S. Ry. Co. v. Tax Comrs.*, 174 N. Y. 417.) If the southerly half of the bridge over the Harlem river is not taxable as a part of relator's special franchise in the borough of Manhattan, the fact that it was included in the assessment under review does not invalidate the whole assessment and the referee and the Special Term acted properly in reducing the assessment by an amount representing the value of

20

the half of the bridge in question. (*People ex rel. H. & M. R. R. Co.* v. *Tax Comrs.*, 203 N. Y. 119.)

CHASE, J. In 1908 the state board of tax commissioners assessed the New York and Harlem Railroad Company for a special franchise constructed, maintained and operated by it in Park avenue, borough of Manhattan, city of New York, and included therewith the franchise for "Crossings: East 45th, 46th, 47th, 48th, and 49th, sts. east of Park Ave., East 45th, 46th, 47th, and 48th, streets West of Park Av., half of River Bridge across Harlem River," which to the extent of the subsurface rights outside of Park avenue had been acquired since the assessment of 1900 and fixed and determined the valuation thereof at $12,399,400.

A writ of certiorari was obtained by the relator to review the assessment. The city of New York intervened and the issues presented after the return to said writ were referred to a referee to take testimony and report with his opinion thereon. The referee reported in favor of said assessment except that he found that the commissioners should not have included therein the tangible property consisting of the half of Harlem bridge and that there should be deducted by reason of such error the sum of $312,461, leaving the assessment $11,916,939, and that such assessment should be reduced to equalize it with the assessment of real property in the borough of Manhattan, which he found to be 89 per cent of the full value of the property assessed. The Special Term confirmed the report of the referee and reduced the assessment in accordance with such report to the sum of $10,606,075.71.

An appeal was taken from the order of the Special Term by the relator and by the city, and the Appellate Division unanimously affirmed the order of the Special Term. (*People ex rel. N. Y. C. & H. R. R. R. Co.* v. *Woodbury*, 150 App. Div. 894.) The relator and the city appeal to this court.

What we have said with reference to the assessment of the franchise of the Harlem company for the year 1900 in an opinion handed down herewith is applicable to this appeal so far as the questions now before us were considered on that appeal.

At the time of the assessment in 1908 the relator was in the occupation of certain property and property rights under the surface of the streets mentioned east and west of Park avenue. Such property rights were held pursuant to statute (Laws of 1903, chapter 425) and by virtue of several agreements made between the Harlem company and the relator and the city of New York, pursuant to said statute, one of which, dated June 19, 1903, may be taken as representative of all of said agreements. It contains the following language: " 1. The party of the first part (The City of New York) for and in consideration of the sum of Twenty-five thousand dollars ($25,000) per annum to be paid to the party of the first part as hereinafter provided and in order to enable the said parties of the second part (the relator and the Harlem company) to depress their tracks in the manner provided in said act (act of 1903) and in order to permit the operation of trains otherwise than by steam locomotives as required by said act, does hereby grant to the said parties of the second part the right to occupy and use for the purposes of their incorporation and during the term or terms of their corporate existence. (Here is included a description of the subsurface property granted.)

" 2. Nothing in this grant contained shall be held to create a fee in the said parties of the second part or either of them in or to the soil of said portions of said streets or of Park avenue or any part thereof; nor to prevent the city of New York from occupying or using or permitting others to occupy or use any part of the said soil of said portions of said streets or avenues underneath the tracks and structures of said parties of the second part as shown on the plan and profile provided for in section

3 of said act in any manner which shall not interfere with or endanger the occupation or use by said parties of the second part * * *."

The grant so described is a special franchise and was properly included in said assessment. (*People ex rel. Hudson & Manhattan R. R. Co.* v. *State Board of Tax Commissioners,* 203 N. Y. 119, 125; *People ex rel. N. Y. C. & H. R. R. R. Co.* v. *Gourley,* 198 N. Y. 486, 492; *People ex rel. Metropolitan Street R. Co.* v. *State Board of Tax Comrs.,* 174 N. Y. 417, 441.)

Included in said assessment was the value of the bridge over the Harlem river from the abutment on the south side of said river to the center of said bridge. It appears that the abutments upon which said bridge is built are upon lands owned in fee by the Harlem company. The bridge is tangible property and so far as appears from the record it is not immediately connected with any special franchise. It is not, in the language of the Tax Law "tangible property * * * situated in, upon, under or above any street, highway, public place or public waters in connection with the special franchise." (*People ex rel. Hudson & Manhattan R. R. Co.* v. *State Board of Tax Comrs., supra.*) The Special Term and the Appellate Division were right in deducting the value thereof from the amount of the assessment. The bridge was a small and definite part of the property assessed. The facts as they appear in this case showing that it was included with other intangible and tangible property assessed do not necessarily vitiate the whole assessment. (*People ex rel. Hudson & Manhattan R. R. Co.* v. *State Board of Tax Comrs., supra.*)

The order of the Appellate Division should be affirmed, without costs to either party.

CULLEN, Ch. J., WERNER, WILLARD BARTLETT, HISCOCK and COLLIN, JJ., concur; GRAY, J., taking no part.

Order affirmed.