THE PEOPLE OF THE STATE OF NEW YORK ex rel. THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, Appellant, v. EGBURT E. WOODBURY et al., Constituting the State Board of Tax Commissioners, Respondents.    (Town of Minden.)

THE PEOPLE OF THE STATE OF NEW YORK ex rel. THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, Appellant, v. EGBURT E. WOODBURY et al., Constituting the State Board of Tax Commissioners, Respondents.    (Town of Canajoharie.)

Tax — erroneous special franchise tax on railroad crossings.

Relator's railroad crossed a canal and highway at an oblique angle, upon a continuous bridge, and not at the intersection of another street or highway. *Held*, that under the provisions of chapter 490 of the Laws of 1901, amending subdivision 4 of section 2 of the Tax Law as it stood in 1907, it was not lawful to assess as one special franchise the crossing of the canal and the contiguous crossing of the highway.

*People ex rel. N. Y. C. & H. R. R. R. Co.* v. *Woodbury*, 140 App. Div. 848, reversed; *People ex rel. N. Y. C. & H. R. R. R. Co.* v. *Woodbury*, 140 App. Div. 945, modified.

(Argued April 16, 1913; decided May 20, 1913.)

ACTION NO. 1.

APPEAL in the first above-entitled proceeding from an order of the Appellate Division of the Supreme Court in

the third judicial department, entered December 3, 1910, which reversed an order of Special Term vacating and setting aside a special franchise tax assessment upon property of the relator in the town of Minden, and modified the determination of the defendants by reducing said assessment.

The facts, so far as material, are stated in the opinion.

*J. D. Wendell* and *Albert H. Harris* for appellant. It was right for the referee to find, as a conclusion of law in this case, " that neither the crossing the canal lands of the state of New York in the town of Minden nor the crossing of the adjoining highway lands in said town by the West Shore Railroad Company constituted a special franchise within the meaning of the law, and that the assessment of $59,000 made against the West Shore Railroad Company should be vacated and set aside." (*People ex rel. N. Y. C. & H. R. R. R. Co. v. Woodbury*, 203 N. Y. 174; *Met. St. Ry. Co. v. State Tax Comrs.*, 174 N. Y. 417; *People ex rel. N. Y. C. & H. R. R. R. Co. v. Gourley*, 198 N. Y. 492.) It would be unreasonable to hold that these franchises were liable to assessment under the Special Franchise Act as it then was, neither being 250 feet in width. (*People ex rel. Mutual Trust Co. v. Miller*, 177 N. Y. 56; *People ex rel. Gilbert v. Wemple*, 125 N. Y. 493; *People ex rel. v. Potter*, 47 N. Y. 375; *People ex rel. v. Angel*, 109 N. Y. 564; *People ex rel. v. Hyde*, 89 N. Y. 18; *Matter of N. Y. & Brooklyn Bridge*, 75 N. Y. 530.) Section 35 of the General Construction Law which reads " words in the singular number include the plural and in the plural include the singular," should not be applied in this case. (*Moynehan v. City of New York*, 205 N. Y. 181; *People v. Eickemeyer, etc., Co.*, 39 Abb. [N. C.] 233; *Garragus v. Board of Comrs.*, 39 Ind. 66; *Hogan v. State*, 36 Wis. 226.)

*Thomas Carmody, Attorney-General* (*Henry Selden Bacon* of counsel), for respondents. The entire crossing

of canal and highway is taxable as a special franchise. (*People ex rel. N. Y. C. & H. R. R. R. Co.* v. *Woodbury*, 203 N. Y. 167; *City of Rochester* v. *Rochester Ry. Co.*, 182 N. Y. 99.)

COLLIN, J.   In 1907 when the assessment under review was made, the Tax Law contained this provision:

"The term special franchise shall not be deemed to include the crossing of a street, highway or public place where such crossing is not at the intersection of another street or highway, unless such crossing shall be at other than at right angles for a distance of not less than two hundred and fifty feet, in which case the whole of such crossing shall be deemed a special franchise. This subdivision shall not apply to any elevated railroad." (Laws of 1901, ch. 490; Tax Law, § 2, subd. 4.)

The assessment was of a crossing, under the authorized consent of the superintendent of public works, by a railroad, of which the relator was lessee, of the Erie canal and a contiguous crossing, under the authorized consent of the highway authorities, of a public highway lying next to the canal.   The railroad crossed the canal and highway at an oblique angle, upon a continuous bridge, and not at the intersection of another street or highway.   The total distance over them was three hundred and five and forty-three one-hundredths feet, of which two hundred and forty-two and seventy-nine one-hundredths feet were over the canal and sixty-two and sixty-four one-hundredths feet were over the highway.   The assessment deemed the entire crossing a single special franchise, and, therefore, not exempted from assessment and taxation under the section referred to.   The Special Term in this proceeding, instituted by the writ of certiorari, vacated the assessment upon the ground that it was not lawful to assess as one special franchise the crossing of the canal and the contiguous crossing of the highway.   The Appellate Division reversed the order of the Special Term, and

424 People ex rel. N. Y. C., etc., R. R. Co. v. Woodbury.

[208 N. Y.]                    Opinion, per Collin, J.                    [May,

modified the assessment immaterially under the view taken by us.

We are controlled by and perform our whole duty in enforcing the ascertained legislative intent. In the present case that intent is discernible in the language used by the legislature. It declared: "A franchise, right, authority or permission specified in this subdivision shall for the purpose of taxation be known as a 'special franchise.'" (Tax Law [Cons. Laws, ch. 60], § 2, subd. 3.) The franchises, rights, authority or permission specified in the subdivision are, in substance, those to construct, maintain or operate some structure, intended for public use, "in, under, above, on or through streets, highways or public places," and include, for the purposes of taxation, the value of the tangible property of their holders "situated in, upon, under or above any street, highway, public place or public waters in connection with the special franchise." The provision we have quoted at length (§ 2, subd. 4) enacts that the crossing of a street or highway or public place, under the conditions it specifies, shall not be included in the term special franchise. The language is certain and definite, intelligible and has an unequivocal meaning. The words "the crossing of a street, highway or public place" do not mean the crossing of two highways or of a highway and a public place. Under the enactment the authorized crossing of the highway was not to be deemed a special franchise for the purpose of assessment and taxation as such; the authorized crossing of the canal was not to be deemed a special franchise for that purpose. This conclusion is supported by our decision in *People ex rel. New York Central & H. R. R. R. Co.* v. *Gourley* (198 N. Y. 486).

It is urged that by virtue of section 8 of the Statutory Construction Law, now section 35 of the General Construction Law (Cons. Laws, ch. 22), the statute should be enforced as though it were: "The term special franchise shall not be deemed to include the crossing of streets,

highways or public places, where such crossing is not at the intersection of another street or highway, unless such crossing shall be at other than right angles for a distance of not less than two hundred and fifty feet in which case the whole of such crossing shall be deemed a special franchise." The section thus resorted to was and is: "Words in the singular number include the plural, and in the plura number include the singular." It is obvious, without argument or illustration, that the enactment does not mean that always and under all circumstances a word in the singular has a plural meaning. It should be borne in mind that rules of construction are invoked only when the language used leaves its purpose and intent uncertain or questionable. They cannot be resorted to for the purpose of enabling the courts to enlarge or extend the legislative design or intent. (*Moynahan* v. *City of New York*, 205 N. Y. 181.) For reasons already stated, the section plays no part in determining the question presented.

The order of the Appellate Division should be reversed and that of the Special Term reinstated, with costs in both courts to the relator.

CULLEN, Ch. J., GRAY, WERNER, HISCOCK, CUDDEBACK and MILLER, JJ., concur.

Ordered accordingly.

(ACTION No. 2.)

(Argued April 16, 1913; decided May 20, 1913.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered December 3, 1910, which reversed an order of Special Term reducing a special franchise tax assessment upon property of the relator in the town of Canajoharie, and modified the determination of the defendants by reducing said assessment.

The facts, so far as material, are stated in the opinion.

*J. D. Wendell* and *Albert H. Harris* for appellant. It was right for the referee to find as a conclusion of law

that it was not lawful to include as a part of the said special franchise the crossing of the highway lands which was only 31.03 feet and that $4,264.80, the value of the highway bridge, should be deducted from the assessment so made by the defendants. (*People ex rel. Met. St. Ry. Co.* v. *Tax Comrs.*, 174 N. Y. 417; *People ex rel.* v. *Gourley*, 198 N. Y. 492.) It would be unreasonable to hold that the highway franchise was liable to assessment under the Special Franchise Act as it was not 250 feet in width but only 31.03 feet. (*People ex rel. Mutual Trust Co.* v. *Miller*, 177 N. Y. 56; *People ex rel. Gilbert* v. *Wemple*, 125 N. Y. 493; *People ex rel.* v. *Potter*, 47 N. Y. 375; *People ex rel.* v. *Angel*, 109 N. Y. 564; *People ex rel.* v. *Hyde*, 89 N. Y. 18; *Matter of N. Y. & Brooklyn Bridge*, 75 N. Y. 530.)

*Thomas Carmody, Attorney-General (Henry Selden Bacon* of counsel), for respondents.

COLLIN, J. The facts in this case are similar to those in *People ex rel. New York Central & H. R. R. R. Co.* v. *Woodbury (Town of Minden)*, argued and decided with this case. The difference lies in this: In the present case the crossing of the canal lands was two hundred and eighty and thirty-eight one-hundredths feet in length, and the crossing of the highway thirty-one and three one-hundredths feet in length. The Special Term decided that it was not lawful to include as part of the special franchise the crossing of the highway and reduced the assessment, which did include it, from $62,000 to $57,735.20. The Appellate Division reversed the Special Term and modified the assessment as made by the respondents by deducting twenty per cent from the valuation of the special franchise to equalize the assessment with the assessment of the other real property in the town. For the reasons given in *People ex rel. New York Central & H. R. R. R. Co.* v. *Woodbury (Town of Minden)*, the order of the Appellate Division should be reversed in

so far as it reversed the order of the Special Term and the order of the Special Term should be reinstated and the order of the Appellate Division should be affirmed in so far as it modified the assessment as fixed by the Special Term by deducting therefrom twenty per cent thereof, without costs in this court to either party.

CULLEN, Ch. J., GRAY, WERNER, HISCOCK, CUDDEBACK and MILLER, JJ., concur.

Ordered accordingly.