ACTION NO. 1.
In 1907 when the assessment under review was made, the Tax Law contained this provision:
"The term special franchise shall not be deemed to include the crossing of a street, highway or public place where such crossing is not at the intersection of another street or highway, unless such crossing shall be at other than at right angles for a distance of not less than two hundred and fifty feet, in which case the whole of such crossing shall be deemed a special franchise. This subdivision shall not apply to any elevated railroad." (Laws of 1901, ch. 490; Tax Law, § 2, subd. 4.)
The assessment was of a crossing, under the authorized consent of the superintendent of public works, by a railroad, of which the relator was lessee, of the Erie canal and a contiguous crossing, under the authorized consent of the highway authorities, of a public highway lying next to the canal. The railroad crossed the canal and highway at an oblique angle, upon a continuous bridge, and not at the intersection of another street or highway. The total distance over them was three hundred and five and forty-three one-hundredths feet, of which two hundred and forty-two and seventy-nine one-hundredths feet were over the canal and sixty-two and sixty-four one-hundredths feet were over the highway. The assessment deemed the entire crossing a single special franchise, and, therefore, not exempted from assessment and taxation under the section referred to. The Special Term in this proceeding, instituted by the writ of certiorari, vacated the assessment upon the ground that it was not lawful to assess as one special franchise the crossing of the canal and the contiguous crossing of the highway. The Appellate Division reversed the order of the Special Term, and *Page 424 
modified the assessment immaterially under the view taken by us.
We are controlled by and perform our whole duty in enforcing the ascertained legislative intent. In the present case that intent is discernible in the language used by the legislature. It declared: "A franchise, right, authority or permission specified in this subdivision shall for the purpose of taxation be known as a `special franchise.'" (Tax Law [Cons. Laws, ch. 60], § 2, subd. 3.) The franchises, rights, authority or permission specified in the subdivision are, in substance, those to construct, maintain or operate some structure, intended for public use, "in, under, above, on or through streets, highways or public places," and include, for the purposes of taxation, the value of the tangible property of their holders "situated in, upon, under or above any street, highway, public place or public waters in connection with the special franchise." The provision we have quoted at length (§ 2, subd. 4) enacts that the crossing of a street or highway or public place, under the conditions it specifies, shall not be included in the term special franchise. The language is certain and definite, intelligible and has an unequivocal meaning. The words "the crossing of a street, highway or public place" do not mean the crossing of two highways or of a highway and a public place. Under the enactment the authorized crossing of the highway was not to be deemed a special franchise for the purpose of assessment and taxation as such; the authorized crossing of the canal was not to be deemed a special franchise for that purpose. This conclusion is supported by our decision in People ex rel.New York Central H.R.R.R. Co. v. Gourley (198 N.Y. 486).
It is urged that by virtue of section 8 of the Statutory Construction Law, now section 35 of the General Construction Law (Cons. Laws, ch. 22), the statute should be enforced as though it were: "The term special franchise shall not be deemed to include the crossing of streets, *Page 425 
highways or public places, where such crossing is not at the intersection of another street or highway, unless such crossing shall be at other than right angles for a distance of not less than two hundred and fifty feet in which case the whole of such crossing shall be deemed a special franchise." The section thus resorted to was and is: "Words in the singular number include the plural, and in the plura number include the singular." It is obvious, without argument or illustration, that the enactment does not mean that always and under all circumstances a word in the singular has a plural meaning. It should be borne in mind that rules of construction are invoked only when the language used leaves its purpose and intent uncertain or questionable. They cannot be resorted to for the purpose of enabling the courts to enlarge or extend the legislative design or intent. (Moynahan v. City of New York, 205 N.Y. 181.) For reasons already stated, the section plays no part in determining the question presented.
The order of the Appellate Division should be reversed and that of the Special Term reinstated, with costs in both courts to the relator.
CULLEN, Ch. J., GRAY, WERNER, HISCOCK, CUDDEBACK and MILLER, JJ., concur.
Ordered accordingly.