THE PEOPLE OF THE STATE OF NEW YORK ex rel. THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, Appellant, *v.* EGBURT E. WOODBURY and Others, Together Constituting the State Board of Tax Commissioners, Respondents.

(Town of Root, Montgomery County, 1911.)

Third Department, May 5, 1915.

**Tax — special franchise — railroad crossing State canal.**

Canal lands owned by the State are a public place within the meaning of subdivision 3 of section 2 of the Tax Law, and hence the crossing of said lands by the tracks of a railroad company is a special franchise and taxable as such.

APPEAL by the relator, The New York Central and Hudson River Railroad Company, from an order of the Supreme Court, made at the Albany Special Term and entered in the office of the clerk of the county of Albany on the 4th day of December, 1914, equalizing the assessment for a certain special franchise of the West Shore Railroad Company, of which relator was lessee, and confirming it as equalized.

*Wendell &, Sponable* [*J. D. Wendell* of counsel], for the appellant.

*Egburt E. Woodbury, Attorney-General* [*C. R. McSparren, Deputy Attorney-General,* of counsel], for the respondents.

KELLOGG, J.:

The question presented is whether the appellant's railroad-crossing of canal lands is a special franchise. In other words, whether canal lands are to be deemed "public places" within the fair meaning of subdivision 3 of section 2 of the Tax Law.

The question was considered in *People ex rel. N. Y. C. & H. R. R. R. Co.* v. *Woodbury* (140 App. Div. 850; 208 N. Y. 421) and *People ex rel. N. Y. C. & H. R. R. R. Co.* v. *Woodbury* (140 App. Div. 945; 208 N. Y. 425). In those cases it was considered that the crossing of relator's railroad over such lands was a special franchise.

The order is, therefore, affirmed, with costs.

Order unanimously affirmed, with costs.