PEOPLE ex rel. NEW YORK CENT. & H. R. R. CO. v. WOODBURY et al., State Board of Tax Com'rs. (No. 71/2.)

(Supreme Court, Appellate Division, Third Department. May 5, 1915.)

TAXATION ⨺145—RAILROADS—RIGHT OF WAY—SPECIAL FRANCHISE—"PUBLIC PLACE."

    State canal lands are public places, within Tax Law (Consol. Laws, c. 60) § 2, subd. 3, and a railroad crossing over them is a special franchise, subject to taxation as such.

    [Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 252, 253; Dec. Dig. ⨺145.

    For other definitions, see Words and Phrases, First and Second Series, Public Place.]

Appeal from Special Term, Albany County.

Proceeding by the People of the State of New York, on the relation of the New York Central & Hudson River Railroad Company, against Egburt E. Woodbury and others, constituting the State Board of Tax Commissioners. From a final order equalizing, with other assessments, relator's special franchise tax, and confirming it as equalized, relator appeals. Affirmed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Wendell & Sponable, of Ft. Plain (J. D. Wendell, of Ft. Plain, of counsel), for appellant.

Egburt E. Woodbury, Atty. Gen., and C. R. McSparren, Deputy Atty. Gen., for respondents.

JOHN M. KELLOGG, J. The question presented is whether the appellant's railroad crossing of canal lands is a special franchise. In other words, whether canal lands are to be deemed public places within the fair-meaning of subdivision 3 of section 2 of the Tax Law. The question was considered in People ex rel. N. Y. C. & H. R. R. R. Co. v. Woodbury, 140 App. Div. 850, 125 N. Y. Supp. 728; Id. 208 N. Y. 421, 102 N. E. 565, 566; Id., 140 App. Div. 945, 125 N. Y. Supp. 730; Id., 208 N. Y. 425, 102 N. E. 565, 566. In those cases it was considered that the crossing of relator's railroad over such lands was a special franchise.

The order is therefore affirmed, with costs. All concur.