Robert Dosoher, J.
This is an application to compel submission to the electorate on November 4, 1958, of a local law for the creation of a commission to draft a new charter. ■ The local law was initiated under subdivision 2 of section 20 of the City Home Rule Law by a petition. No attack is made upon the form of the petition or upon the number of valid signatures thereto. Opposition to submission is based upon (1) the fact that this petition may not be submitted to in our even-numbered year and (2) the proposed local law is unconstitutional.
By the constitution, the election of all city officers must be held in 'odd-numbered years (New York Const., art. IX, § 15). Based upon this provision, the Court of Appeals originally by dictum said that the policy of the State forbade voting on any municipal question in even-numbered year elections. (Mills v. Sweeney, 219 N. Y. 213.) That dictum was followed in a number *149 of cases until the subject came up in connection with a proceeding involving section 19-a of the City Home Rule Law. In that section, as in the case at bar, provision was made for the submission of a matter requiring a referendum “ at the next general election. ’ ’ It was held that this language was authority to submit the question of an amendment to a city charter to referendum in an even-numbered year (City of Syracuse v. Wright, 4 Misc 2d 714). In June of this year, the reasoning in that case was approved, in an exhaustive decision by the Appellate Division, Fourth Department (City of Buffalo v. Lawley, 6 A D 2d 66). While it is true that in the Appellate Division case as well as in a case decided by the Court of Appeals (Salducco v. Etkin, 268 N. Y. 606) there were some outside factors, still the language in those cases is more persuasive than the dictum in the Mills case. In order to limit the term “ general election ” (which is not defined in the statute in question), we must interpret section 15 of article IX of the State Constitution. That section is clear on its face and we may not conjecture to extend its meaning. (Meltzer v. Koenigsberg, 302 N. Y. 523, 525.) Only by extending its meaning, can referenda in even-numbered years be prohibited.
The constitutionality of the proposed local law poses a very serious question. The local law, if adopted, would permit political “ City Committees ” to appoint 9 out of 11 members of the charter commission.
It may be assumed, though the respondent foresees the possibility of the contrary, that the “ appointing body ” will be as observant of the requirements of the Public Officers Law as would the Mayor or City Council. It is also beyond question that this local law, if adopted, would supersede the charter provisions which provide that the Mayor “ may appoint ” other city officers (Matter of Lynch v. O’Leary, 166 Misc. 567). It has also been the law that either subordinate officers (City of New Rochelle v. Seacord, 30 N. Y. S. 2d 240) or even nonpublic bodies (Sturgis v. Spofford, 45 N. Y. 446, 450) may make appointments of officials.
A political city committee has no status under the Election Law. Provision has been made only for the State and County committees “ and such other committees as the rules of the party may provide ” (Election Law, § 10). It may well be that the “ rules ” of the two major parties provide for city committees, but, if they do, it does not so appear on this application.. Even if we assume that the rules of the party provide for a city committee, it must be shown that the party rules provide a. method of management. Such a city committee has no power to, *150 adopt its own rules for the government of its party within the political subdivision (Election Law, § 15).
Unless it be shown that a city committee is actually provided for by party rules and that there is some regulation over its management, the power of appointment of 9 members of a commission of 11 may be in a vacuum or subject to no regulation at all. An enactment of legislation that would make for such a situation is not within the framework of the Constitution. Petition dismissed.
Since counsel have indicated a desire to appeal, an order may be settled on two hours’ notice.
(October 21, 1958.)
The petitioners having supplied the allegation and proof of the existence of city committees (see decision dated October 11, 1958), this petition will be granted. The objections urged as to the validity of the local law can be raised when, and if, the law is adopted.
Submit order on two hours ’ notice,