SALLY MELTZER et al., Appellants, *v*. ANNA KOENIGSBERG, Respondent.

Argued May 16, 1951; decided June 1, 1951.

*Myron Perla Gordon* and *Hyman M. Chapnick* for appellants. The statute which makes void an oral agreement, the performance of which is not to be completed before the end of a lifetime, was intended to apply only to the lifetime of a promisor. Since performance of the agreement alleged in the complaint could have been completed before the end of the lifetime of the promisor (defendant), that statute is not here a bar. (*Matter of Douglas,* 169 Misc. 716, 170 Misc. 155; *Matter of Block,* 258 App. Div. 342; *Bayreuther* v. *La Guardia,* 176 Misc. 547; *Bayreuther* v. *Reinisch,* 264 App. Div. 138, 290 N. Y. 553; *People* v. *Ryan,* 274 N. Y. 149; *Matter of Schmidt* v. *Wolf Contr. Co.,* 269 App. Div. 201.)

*Louis Koenigsberg* for respondent. The Statute of Frauds declares void and unenforcible a contract, the performance of which cannot be completed before the end of a lifetime, unless it is in writing. (*Bayreuther* v. *Reinisch,* 264 App. Div. 138, 290 N. Y. 553; *Weiss* v. *Weiss,* 268 App. Div. 1058, 1059; *Tinto*

v. *Howard,* 52 N. Y. S. 2d 245, 269 App. Div. 990; *Matter of Douglas,* 169 Misc. 716, 256 App. Div. 1070; *Tyler* v. *Windels,* 186 App. Div. 698, 227 N. Y. 589; *Matter of Ditson,* 177 Misc. 648; *Galvin* v. *Prentice,* 45 N. Y. 162.)

*Per Curiam.* The Statute of Frauds requires that an agreement be in writing if by its terms performance is " not to be completed before the end of a lifetime " (Personal Property Law, § 31, subd. 1). Had the Legislature intended the " lifetime " referred to to be the lifetime of the promisor, the party to be charged, or the lifetime of any particular person, it could easily and readily have so provided. (See 4 Ariz. Code Ann. [Official ed.], § 58–101, subd. 8; Cal. Code Civ. Pro., § 1973, subd. 6.) The language found in the statute is clear and unambiguous, and, as this court long ago declared, and frequently repeated, in the construction of statutes, the intent of the framers " is to be sought first of all, in the words and language employed, and if the words are free from ambiguity and doubt, and express plainly, clearly and distinctly, the sense of the framers of the instrument, there is no occasion to resort to other means of interpretation. It is not allowable to interpret what has no need of interpretation, and when the words have a definite and precise meaning, to go elsewhere in search of conjecture in order to restrict or extend the meaning. * * * Courts cannot correct supposed errors, omissions or defects in legislation * * *. The office of interpretation is to bring sense out of the words used, and not bring a sense into them." (*McCluskey* v. *Cromwell,* 11 N. Y. 593, 601–602; see, also, *Matter of Rathscheck,* 300 N. Y. 346, 350.)

The judgment appealed from should be affirmed, with costs.

Loughran, Ch. J., Lewis, Conway, Desmond, Dye, Fuld and Froessel, JJ., concur.

Judgment affirmed.