Froessel, J.
(dissenting). We agree with the majority as to a reversal, but dissent as to the dismissal of the indictment and vote to order a new trial.
In our opinion, the 1948 amendment to section 486 of the Penal Law may not be deemed retroactive as to criminal acts committed before but not finally prosecuted until after said amendment became effective. By said amendment the' Legislature, as is evident from the clear language chosen by it, did no more than declare substantively what would be regarded as the legal character of certain acts which any person under the age of 15 years subsequently “ commits ” (emphasis on tense supplied). Contrary to the holding in the prevailing opinion, it did not abolish, as criminal, acts which such persons may have committed (emphasis on tense again supplied), i.e., previous to the effective date of the amendment.
Such a change may not fairly be regarded as a merely procedural penalty reduction, as in People v. Roper (259 N. Y. 170, motion for reargument denied 259 N. Y. 635). In that case, by way of contrast with this appeal, we were asked to consider what retroactivity, if any, was to be accorded a statutory reduction of “ the maximum sentence which the court might impose upon conviction for robbery in the first degree ” (259 N. Y. 635). The express language of the statute there involved dealt with the manner in which an act of burglary or robbery ‘ ‘ is punishable ” (emphasis supplied), thereby denoting punishment thereafter to be meted out, and is thus readily distinguishable from the statute now before us, which abolishes altogether as a crime certain acts a person under 15 “ commits ”, thereby denoting acts subsequently committed. Thus the general rule as noted — but not followed — by the majority is operative here: Such statutes, which deal with matters other than procedure, may not be applied retroactively absent a plainly manifested legislative intent to that effect. Moreover, the plain language of sections 93 and 94 of the General Construction Law, *165 as quoted in the majority opinion, not only confirms this rule but mandates the denial of retroactivity here.
Nor will the application of the aforesaid sections of the General Construction Law defeat what Judge Ftjld calls the “ general object ” of the statute. On the contrary, that object will be defeated when this defendant, after butchering, drowning and burning his baby brother, and now having passed his twenty-first birthday and thus being too old for the Children’s Courts (see N. Y. City Dom. Eel. Ct. Act, § 61, subd. 1), is set free with a mere parting wish that somehow he may be committed to some form of confinement in some institution, notwithstanding the fact that he is now said to be sane. Permitting this defendant to be at large without the custodial care of any court may have grave consequences.
As the Governor observed in signing the amendment, its object was clear: “ Of course, this legislation does mean that children responsible for such serious acts of delinquency as result in the death of another human being will receive careful handling, treatment and custodial care as will be appropriate to the conditions which have been determined to have produced the delinquent acts.” That may no longer be done here, since defendant has reached his majority and the Children’s Court did not prior thereto obtain jurisdiction over him, as it undoubtedly would have done had the statute been amended before the commission of this atrocious crime. Clearly the disposition recommended by the majority of our brethren can promise no “careful handling, treatment and custodial care” under the circumstances.
Concern that this very problem might arise and that previously committed acts, however heinous, might go unpunished during the few years immediately following said amendment, might well have prompted the Legislature to omit, as they indisputably did, any expression of retroactivity therein. They must have known that a defendant convicted under the former statute, i.e., prior to its amendment, could not be benefited thereby (People ex rel. Downie v. Jackson, 286 App. Div. 1131, motion for leave to appeal denied 1 N Y 2d 642). And, by deliberately using the word “ commits ”, clearly indicating prospective operation of the statute, they chose not to make it retroactive to acts committed but not yet fully prosecuted. In this respect, too, the instant case differs from People v. *166 Roper (supra) for on the motion for reargument of that case this court made it clear (259 N. Y. 635) that “ Many circumstances point unmistakably to the conclusion that such was the legislative intent here ”. As previously noted, there the statute read “ is punishable
It is neither fitting nor proper for us, or any other court, to rewrite a statute and supply that which legislatures in their wisdom fail, omit or refuse to enact into law (Meltzer v. Koenigsberg, 302 N. Y. 523). Nor, to that end, may we address ourselves to such matters as modern theories concerning the functions of punishment in criminal law when the statute as enacted is clear.
The difficulty with this case, as we see it, was brought about by the errors committed upon the trial, and by reason thereof we would reverse and order a new trial. Specifically, but in brief, those errors are the following: (1) The District Attorney was erroneously permitted in his summation to refer to the 1948 amendment in this way: “ [since,] at the present time a defendant under the age of 15 is not prosecuted for murder, we feel that in the interests of justice we cannot ask you gentlemen to return a verdict which would call for the death penalty.” (Emphasis supplied.) This, we believe, may well have led the jury to conclude — incorrectly as it turned out — that no death penalty could or would actually result from a verdict of guilt here. Thus the potential prejudice resulting from the District Attorney’s afore-mentioned statement cannot be doubted.
(2) The District Attorney, again in summation, fearing the consequences of setting the defendant at large, further remarked: ‘[1] the psychiatrists at Bellevue still believe this defendant has schizophrenia, but at the moment he is lucid * * * and if you believe that this defendant did not know the nature and quality of his act, or that it was wrong, you gentlemen will be setting out on the streets a defendant who is still suffering from schizophrenia, a defendant whom Bellevue said requires supervision.” The obvious prejudice of these remarks in disposing the jury against finding defendant not guilty on grounds of insanity does not, we believe, require extended discussion.
(3) Finally, the court, more than five months after the trial, permitted an amendment of the transcript of the record in respects similar to those which called for reversal in People v. *167 Kelly (302 N. Y. 512). While the power of a trial court to amend its record for clerical errors is clear, we have nevertheless said that such power must be exercised ‘‘ with great caution ” and only after it plainly appears that a mistake has in fact been made (People ex rel. Hirschberg v. Orange Co. Court, 271 N. Y. 151, 156). Here, however, defendant’s counsel within three weeks after the trial moved to set aside the verdict on the ground that the court’s charge had incorrectly stated the law in failing to follow the language of section 1120 of the Penal Law. However, no one then or within the following four months questioned the stenographer’s minutes.' Moreover, the stenographer (a stenotypist) thereafter testified that he reported what he heard. Under these circumstances we believe that the amendment of the minutes in this respect five months after the trial was unauthorized. The judgment should be reversed and a new trial ordered.
Desmond, Dye, Van Voorhis and Burke, JJ., concur with Fuld, J.; Froessel, J., dissents only as to the dismissal of the indictment and votes to order a new trial in an opinion in which Conway, Ch. J., concurs.
Judgment of conviction reversed, etc.