Conway, Ch. J.
In this declaratory judgment action we are called upon to review the correctness of the Appellate Division determination that the plaintiff, New Amsterdam Casualty Company, which issued, in New York, an automobile liability policy to defendant, Molly Stecker, a New York resident, is not obligated (1) to defend the said insured in an action instituted against her in Connecticut by her husband, defendant Emanuel Stecker, as the result of an automobile accident occurring in that State, or (2) to pay any judgment obtained by the insured’s husband against her in such suit.
The facts are not in dispute. On July 24, 1954, Molly Stecker was driving her car in the vicinity of Willington, Connecticut, when an accident occurred. Her husband, Emanuel, a passenger in the automobile, received injuries. The husband subsequently commenced an action in the Superior Court of Connecticut to recover damages, naming his wife and the driver of the other car as codefendants. That action is presently pending in such court. Both defendants are residents of New York. At the time of the accident Molly Stecker had a policy of insurance issued by plaintiff, New Amsterdam Casualty Company, which policy was written in New York. The policy is of a type commonly *4 known as ‘ ‘ Automobile Policy — Basic Liability Form ’ There is no express provision included therein concerning the liability of Amsterdam for injuries to the spouse of an insured. The policy obligates Amsterdam “ To pay on behalf of the insured all sums which the Insured shall become legally obligated to pay as damages because of bodily injury * * * caused by accident and arising out of the ownership, maintenance or use of the automobile ” if the accident occurs “ within the United States of America, its territories or possessions, Canada or Newfoundland ”.
Subdivision 3 of section 167 of the New York Insurance Law provides that “ No policy or contract shall be deemed to insure against any liability of an insured because of death of or injuries to his or her spouse or because of injury to, or destruction of property of his or her spouse unless express provision relating specifically thereto is included in the policy.” (Emphasis supplied.) There is no comparable statute in Connecticut. Consequently, insurance carriers in that State are obligated to defend any negligence action brought by one spouse against another, and to pay any judgment obtained in any such action. The question presented on this appeal is whether subdivision 3 of section 167 of the New York Insurance Law excludes coverage not only of the liability between spouses arising out of accidents occurring in New York State, but also of the liability between spouses arising out of accidents occurring in any other State. This question has been answered in the negative by Special Term and in the affirmative by the Appellate Division. We are in agreement with the conclusion reached by the Appellate Division.
The defendants correctly state that the policy as issued covers the liability of the insured no matter where it attaches, be it anywhere in the United States, its territories or possessions, Canada or Newfoundland. However, our inquiry does not end there, for we must determine the extent to which the contract of insurance is affected by subdivision 3 of section 167 of the New York Insurance Law.
Defendants contend that since the accident took place in Connecticut subdivision 3 of section 167 is inapplicable. They argue that the place where the accident occurs is the place of performance and that, therefore, the law of Connecticut applies which contains no restriction on the insurer’s liability to an *5 insured who has negligently injured his or her spouse. The error which defendants commit is in assuming that the question here involves performance of a contract. There is no issue here as to how performance was to be accomplished, or the sufficiency of the performance, but whether or not there is to be any performance at all. Is the defendant Molly Stecker insured? Has Amsterdam agreed to indemnify her for the loss here anticipated? What was the contract the parties made? What were the rights and obligations which flowed from the document they drew? These are questions, the answers to which are governed solely by the lex loci contractus — New York State (Auten v. Auten, 308 N. Y. 155, 160; Swift & Co. v. Bankers Trust Co., 280 N. Y. 135, 141; United States Mtge. & Trust Co. v. Ruggles, 258 N. Y. 32, 38; Union Nat. Bank v. Chapman, 169 N. Y. 538, 543; Restatement, Conflict of Laws, § 332). Indeed, to apply the law of Connecticut in determining what the contract of the parties was would be to give extraterritorial effect to the laws of that State, a result which is proscribed by established principles of law and exhorted against by the defendants themselves. To illustrate, let us assume that in the case before us subdivision 3 of section 167 were not part of the law of New York, but that there was an equivalent provision in Connecticut. In such a situation, the parties would have contracted in New York for coverage of the insured’s liability without regard to the marital relation of the insured to the one injured. Manifestly, the hypothetically posed Connecticut statute could not act upon, or seek to affect the coverage under, the contract made in New York. The same result must follow in the reverse situation presented in the case at bar. Subdivision 3 of section 167 governs all automobile liability insurance policies issued in this State without regard to where the accident occurs. It is mandated into and made a part of every policy of automobile liability insurance issued in this State. The only question remaining is what the Legislature intended by this statute.
The pertinent statutory language is: “No policy or contract shall be deemed to insure against any liability of an insured * * * to his or her spouse * * * unless express provision relating specifically thereto is included in the policy.” (Emphasis added.) The language employed by the Legislature is clear, succinct and unequivocal. “ Certainly, there is no *6 ambiguity in the word ‘ no ’. It is as complete a negative as it is possible to express, and similarly the word ' any ’ is as inclusive as any other word in the English language.” (General Acc. Assur. Corp. v. Ganser, 2 Misc 2d 18, 23.) This court has declared on numerous occasions that where the language of a statute is without ambiguity, and the meaning unequivocal, there is no necessity for resort to rules of construction (see, e.g., Meltzer v. Koenigsberg, 302 N. Y. 523, 525; Matter of Rathscheck, 300 N. Y. 346, 350; Matter of Tishman v. Sprague, 293 N. Y. 42, 50; People ex rel. New York Central & H. R. R. R. Co. v. Woodbury, 208 N. Y. 421, 425; McKinney’s Cons. Laws of N. Y., Book 1, Statutes, § 76). As was long ago stated in McCluskey v. Cromwell (11 N. Y. 593, 601): “ It is not allowable to interpret what has no need of interpretation, and when the words have a definite and precise meaning, to go elsewhere in search of conjecture in order to restrict or extend the meaning. ’ ’ The defendants ’ contention that the Legislature intended by subdivision 3 of section 167 to protect carriers only in situations where the accident occurs within this State is based upon the circumstance that subdivision 3 of section 167 was enacted simultaneously with section 57 of the Domestic Relations Law which provides: “ A married woman has a right of action against her husband for his wrongful or tortious acts resulting to her in any personal injury * * * as if they were unmarried, and she is liable to her husband for her. wrongful or tortious acts resulting in any such personal injury to her husband or to his property, as if they were unmarried.” The defendants conclude from this legislative timing that subdivision 3 of section 167 was designed to protect carriers only to the extent that section 57 created a primary tort liability between spouses. Defendants reason that prior to the adoption in 1937 of the amendments to the New York Insurance Law and the New York Domestic Relations Law, enacted in the same chapter of the Laws of 1937, a wife could not sue her husband for injury sustained by her due to his negligent operation of an automobile in New York but she could sue him if such injury was so caused in Connecticut and the suit therefor was brought in Connecticut; that, therefore, prior to 1937, the plaintiff herein would have been obligated under its present policy to defend and indemnify for the liability to the spouse in a Connecticut suit arising from a Connecticut accident; that there is nothing *7 in the 1937 amendment to the Insurance Law which indicates an intention to alter that situation; that the clear purpose of the amendment to the Domestic Relations Law was to confer rights upon a spouse, and that to adopt the contention of the insurance company will be to bring about a result which would restrict and impair previously existing rights of a spouse; that the sole reason for the addition of subdivision 3 of section 167 of the Insurance Law was the new inter-spouse liability created by the amendment to the Domestic Relations Law and that the liability in Connecticut, or in any other State which, like Connecticut, had previously recognized liability between spouses, should not be affected by the insurance amendment in New York, which was designed solely to protect the insurance companies from the new liability in New York created by the amendment to the Domestic Relations Law. We cannot agree with this line of reasoning. We view section 57 not as delimiting the scope of subdivision 3 of section 167, but rather as the occasion only for its enactment. Until the passage of section 57, carriers in New York were not exposed to a substantial danger of collusive actions between spouses. That risk attended only if there happened to be an accident in a State which permitted the tort action by one spouse against the other, AND if such action were not commenced in the State of New York, for in Mertz v. Mertz (271 N. Y. 466) we decided that one spouse could not sue another in this State for negligence committed in another State which permitted such actions since the disability affected the remedy and the lex fori therefore prevailed. Consequently, there was lacking prior to the enactment of section 57 such a substantial danger as to provide an impetus for legislative action in regard to carrier liability. Doubtless, the passage of section 57 focused sharp attention on this danger and legislative action was thereby impelled. When it acted it chose the language found in the statute which quite plainly encompasses all policies. We can attach no more significance to the simultaneous enactment of the sections than this. The construction sought by defendants is strained and constitutes a violent restriction on this salutary legislation, the clear terms of which are not susceptible of such infringement. The manifest purpose of subdivision 3 of section 167 was to protect insurance carriers from collusive actions between spouses arising out of automobile accidents. Surely the Legislature recognized that the *8 possibility of fraud and collusion is the same no matter where the accident occurs. (See Fuchs v. London & Lancashire Ind. Co., 258 App. Div. 603.) It is that possibility which the statute was intended to guard against, and the language of subdivision 3 of section 167 if literally applied will accomplish that result. There is not the slightest difference in the fraud potential between accidents occurring in New York and those occurring elsewhere.
On oral argument there was some question raised concerning the effect of the view taken by the insurance company, and here adopted by us, on the requirements of the full faith and credit clause as they relate to the judgment obtained in the primary tort action. We can see no difficulty in this connection, for any judgment obtained in Connecticut by the spouse will most certainly be enforced here. Indeed, our law is the same as the law of Connecticut insofar as the existence of negligence liability between the spouses (as distinguished from an insurance carrier) is concerned. Suffice it to say that whether the carrier is liable for indemnity has no bearing on the faith and credit to be accorded the foreign judgment in the primary tort action. That judgment decides only the question of the liability of one spouse to the other in tort, not of the liability of the insurer to the one insured in contract.
The judgment of the Appellate Division should be affirmed, with costs.
Desmond, Dye, Fuld, Froessel, Van Voorhis and Burke, JJ., concur.
Judgment affirmed.