Gabrielli, J.
The issue before this court is whether the *561 New York City Health and Hospitals Corporation is a municipal corporation within the meaning of section 50-d of the General Municipal Law. In May, 1969 the New York City Health and Hospitals Corporation was created to provide the financial and managerial flexibility necessary for the proper care and treatment of the ill and infirm within New York City, particularly those who can least afford it (L 1969, ch 1016, as amd); and the legislation establishing this organization declared it to be "a body corporate and politic constituting a public benefit corporation” (New York City Health and Hospitals Corporation Act, § 4, subd 1; L 1969, ch 1016, as amd). The plaintiffs instituted the instant malpractice actions against the respondent doctors for alleged negligent treatment at Queens General Hospital, a hospital operated by the corporation. The doctors raised as an affirmative defense that the plaintiffs failed to comply with the provisions of sections 50-d and 50-e of the General Municipal Law in that plaintiffs did not file a notice of claim on the doctors as required. Section 50-d provides that every municipal corporation shall assume the liability for malpractice of any physician who renders medical services without receiving compensation at public institutions maintained by that municipal corporation. Where section 50-d is applicable, ultimate financial responsibility rests not with the treating physician but with the appropriate municipal corporation and, under subdivision 2 of that section, no action will lie unless a notice of claim is served in compliance with section 50-e of the General Municipal Law. In this case, no notice of claim was served on the individual doctors. Plaintiffs moved to strike the affirmative defense on the ground that defendants were not employed by a public institution maintained by a municipal corporation as defined under the statute.
We hold that the New York City Health and Hospitals Corporation is not a municipal corporation within the meaning of section 50-d of the General Municipal Law and, thus, the affirmative defense must fail. Section 2 of the General Municipal Law defines a municipal corporation for purposes pertinent to our inquiry as including "only a county, town, city and village.” The New York City Health and Hospitals Corporation, established as a public benefit corporation obviously does not fit within this definition. Where the statute is clear and unambiguous on its face, the legislation must be interpreted as it exsits (McKinney’s Cons Laws of NY, Book 1, *562 Statutes, § 76; New Amsterdam Cas. Co. v Stecker, 3 NY2d 1; Meltzer v Koenigsberg, 302 NY 523). Absent ambiguity the courts may not resort to rules of construction to broaden the scope and application of a statute (New Amsterdam Cas. Co. v Stecker, supra; Matter of Patrolmen’s Benevolent Assn. of City of Buffalo v City of Buffalo, 50 AD2d 101) and must apply the plain import of the statute (Matter of Trustees of N. Y. & Brooklyn Bridge, 72 NY 527). Although it may well be that the Legislature intended to confer on the corporation the status of a municipal corporation within the meaning of section 50-d, as respondents argue, no rule of construction gives the court discretion to declare the intent of the law when the words are unequivocal (People ex rel. New York Cent. & Hudson Riv. R. R. Co. v Woodbury, 208 NY 421). The courts are not free to legislate and if any unsought consequences result, the Legislature is best suited to evaluate and resolve them (Bright Homes v Wright, 8 NY2d 157).
The use of the word "only” in the definition of municipal corporation creates a certain and definite restriction on the meaning of that term, which precludes the judicial inclusion of a public benefit corporation. Although the New York City Health and Hospitals Corporation Act specifically incorporated certain provisions of the General Municipal Law (New York City Health and Hospitals Corporation Act, § 20, subd 2; L 1969, ch 1016, as amd, incorporating the provisions of section 50-e of the General Municipal Law in actions against the corporation; see Bender v New York City Health & Hosps. Corp., 38 NY2d 662) and defined the corporation as a municipality for specific purposes (New York City Health and Hospitals Corporation Act, § 4, subd 4; L 1969, ch 1061, as amd, providing that for purposes of conflicts of interest of its directors the corporation shall be a municipality), the act neither incorporated section 50-d nor redefined the corporation for purposes of that section. Absent such provisions the statute is clear and the corporation cannot be judicially deemed a municipal corporation within the meaning of section 50-d.
The order of the Appellate Division should be reversed, with costs, and the motion to strike the first affirmative defense should be granted.
Chief Judge Breitel and Judges Jasen, Jones, Wachtler, Fuchsberg and Cooke concur.
Order reversed, with costs, and plaintiffs’ motion to strike *563 the first affirmative defense granted. Question certified answered in the negative.