OPINION OF THE COURT
Alvin F. Klein, J.
In this article 78 proceeding, petitioner seeks to overturn the decision of respondent not to renew the special vehicle identification permit (SVIP) previously issued to him.
When petitioner’s original SVIP was issued, petitioner owned a car. Subsequently, he transferred ownership in his car to his daughter. Respondent’s justification for not renewing the SVIP is that petitioner does not own a car.
When petitioner’s SVIP was issued, the applicable ordinance (New York City Charter, former § 2103, subd 2A) read as follows:
"2A-a. Special vehicle identification permits. A special vehicle identification permit shall be issued by the commissioner, upon application to a New York city resident suffering from a permanent disability seriously impairing mobility, requiring the use of his private automobile for transportation, as certified by the department of health and to a non-resident similarly certified requiring the use of his private automobile for transportation to a school in which he is enrolled or place of employment, provided that the applicant possesses an operator’s or chauffeur’s license * * *
"e. Any person to whom a permit has not been issued, and *231 who shall use a permit issued pursuant to this section for any purpose other than parking a motor vehicle while transporting a physically handicapped person, shall be guilty of a misdemeanor.” (Emphasis supplied.)
In 1977, the provision was slightly revised and became a portion of section 2903 of the New York City Charter. The applicable provisions of the revised section read as follows (subd b): "(15) issue special vehicle identification permits; (a) Upon application, the commissioner shall issue a special vehicle identification permit to a New York city resident certified by the department of health as suffering from a permanent disability seriously impairing mobility, who requires the use of private automobile for transportation and to a nonresident similarly certified who requires the use of a private automobile for transportation to a school in which such applicant is enrolled or to a place of employment, provided, however, that an applicant for such permit must possess an operator’s or chauffeur’s license”. (Emphasis supplied.)
(d) (Identical to former § 2103, subd 2A, par e.)
It is respondent’s position that the 1977 amendment was drawn for the purpose of dismantling the Transportation Administration and transferring a portion of its duties to the Department of Transportation, and that no substantive change was intended.
The court disagrees. The removal of the possessive pronoun "his” from two places in the new section cannot be construed as inadvertent. The meaning of the provision has been changed so that it is no longer a requirement that a handicapped person own an automobile in order to possess a SVIP. The meaning of the new section is clear, and the court need not consider legislative history or any other aid to interpret a statute which is clear and unambiguous on its face (New Amsterdam Cas. Co. v Stecker, 3 NY2d 1). The court notices in passing that any abuses made possible by such nonownership may be remedied by the application of paragraph (d) of the new statute (which is identical to paragraph e of the old ordinance).
Accordingly, the petition is granted reversing the decision of respondent, and respondent is directed to issue an SVIP to petitioner.
The application for attorney’s fees is denied.