*1034 OPINION OF THE COURT
Aaron D. Bernstein, J.
Defendants, New York City Health and Hospitals Corporation, Dr. George Glancz, and Dr. Yhung Yhu move to sever and dismiss the action on the ground that a timely notice of claim was not served. The plaintiff, in turn, cross-moves to dismiss these defendants’ affirmative defenses.
James Mills was injured in a two-car collision on December 4, 1973. He was taken immediately to Kings County Hospital and was treated there by the defendant physicians over a period of three months. The plaintiffs failed to file a timely notice of claim as required by sections 50-d and 50-e of the General Municipal Law. However, the service of the summons and complaint upon the three defendants was timely. Thereafter, the plaintiffs twice made application before Special Term for an extension of time within which to serve a notice of claim. Both applications were denied. Accordingly, the motion to dismiss the cause of action against the New York City Health and Hospitals Corporation is granted.
Now, the court must address itself to the issue as to whether or not it is necessary to serve a notice of claim in order to maintain an action against Dr. George Glancz and Dr. Yhung Yhu. In 1976, the Court of Appeals held that the New York City Health and Hospitals Corporation is not a municipal corporation within the meaning of section 50-d of the General Municipal Law (Bender v Jamaica Hosp., 40 NY2d 560). Thus, in that case, the physicians’ affirmative defense of plaintiff’s failure to serve a timely notice of claim failed. Section 50-d of the General Municipal Law requires the municipality to indemnify its resident physicians for malpractice and requires that a notice of claim be served. The Bender case (supra) invalidated the indemnity provisions of section 50-d of the General Municipal Law as applied to the New York City Health and Hospitals’ resident physicians. Indemnification was restored to such physicians on July 13, 1979 (see L 1979, ch 673, §§ 9, 12). Now, Health and Hospitals Corporation resident physicians are to be indemnified and held harmless under section 50-k of the General Municipal Law (L 1979, ch 673, § 9). This section provides that it shall apply to all actions and proceedings pending upon its effective date. Thus, it is clear that the indemnification provisions have been restored insofar as the defendants Glancz and Yhu are concerned. *1035 However, that does not mean that the plaintiffs were required to file a notice of claim against these defendants.
The notice of claim provisions of the New York City Health and Hospitals Act (L 1969, ch 1016) provide that a notice must be served on the corporation, but does not require a notice to be served on an employee being sued (L 1969, ch 1016, § 20). Until the 1979 amendment, this section did not provide for indemnification of an employee. Under the rationale of Bender v Jamaica Hosp. (supra), the provision of section 50-d of the General Municipal Law is inapplicable to these defendants. That is the only provision which requires that a notice be served upon the physicians for a suit to be instituted. In order for a provision to be applicable to the New York City Health and Hospitals Corporation doctors, another subdivision would have to be added to section 20 of chapter 1016 of the Laws of 1969.
Accordingly, the motion, insofar as it deals with the causes of action against Dr. Glancz and Dr. Yhu, are denied. The motion to dismiss the defendants’ affirmative defense of notice of claim is granted.