OPINION OF THE COURT
Charles A. LaTorella, Jr., J.
The petitioner, 55-05 Myrtle Avenue Realty Corp. (hereinafter referred to as MARC), is the owner of premises located at 55-05 Myrtle Avenue, Ridgewood, Queens County, New York.
On or about April 12, 1983, the premises were leased to Nokomis Corp. (hereinafter referred to as Nokomis). Thereafter, on or about October 1, 1985, the respondent, Academy for *968 Career Education Corp. (hereinafter referred to as ACE), subleased the entire second floor of the premises from Nokomis.
The original lease required substantial expense for the reconstruction of the second floor and the common areas. Such reconstruction was satisfactorily completed. In addition, the lease, under paragraph 5, required Nokomis to pay 5/20 of any increases in real estate taxes over the base year as additional rent.
Respondent ACE applied for a tax exemption from the New York City Department of Finance pursuant to the Industrial and Commercial Incentive Program (hereinafter referred to as ICIP). In November 1985, a preliminary certificate of eligibility was issued to respondent ACE granting such an exemption.
In August 1992, respondent ACE claimed that it was entitled to offsets from the monthly rental payments for damages to its premises. Petitioner claimed that it was entitled to payment of all tax arrears from the inception of the lease with only a pro rata deduction to the respondent due to the tax exemption under the ICIP.
Thereafter, petitioner served a demand for payment upon respondent and then a notice of petition and petition to commence a commercial nonpayment proceeding.
Each side moved for summary judgment. However, pursuant to an order dated July 28, 1993 (Berke, J.), the court directed that the caption was to be amended to include Nokomis as an additional respondent and that an amended notice of petition and petition be served. An amended notice of petition and petition were thereafter served.
The parties agreed that the outstanding summary judgment motions were to be considered still current and relevant to the amended proceeding. The sole issue on such motions was reduced to whether respondent ACE was entitled to the entire exemption under the ICIP or whether such exemption was to be applied to the entire building with each tenant to receive only a pro rata reduction of its lease obligation to pay real estate taxes. It was further agreed that petitioner could amend the petition to seek real estate taxes through the most recent tax years.
On March 21, 1994, the motions were resubmitted to the court. However, the file was misplaced and the parties were directed to reconstruct the file. The file was reconstructed and *969 the ad damnum clause of the amended petition was amended to include the 1992-1993 real estate tax years.
There are presently two motions before this court:
(1) Petitioner moves for summary judgment in the sum of $11,038 for real estate tax arrears based upon an interpretation of the ICIP which applies the exemption to the entire building thereby allowing respondent ACE only a pro rata reduction of its 5/20 share of the real estate taxes and for an inquest as to counsel fees; and
(2) Respondent ACE cross-moves for summary judgment based upon an interpretation of the ICIP which applies the exemption solely to itself thereby making it not responsible for its 5/20 share of the real estate taxes.
This court determines such motions as follows:
(1) the petitioner’s motion for summary judgment and for an inquest as to counsel fees is denied; and
(2) the respondent ACE’s cross motion for summary judgment is granted as the exemption under the ICIP inures solely to the eligible property, that is, the space rented by respondent ACE, and to the benefit of the applicant for and recipient of such exemption, that is, respondent ACE. The amended notice of petition and amended petition are dismissed.
Initially, this court notes that the sublease is subject to the overlease in all respects.
Paragraph 5 (a) of the lease between petitioner and Nokomis states, in pertinent part, that: "Tenant shall pay as additional rent, 5/20 of the increases in taxes (as such term is hereinafter defined) in excess of the taxes in effect for the fiscal year in which the Certificate of Occupancy is issued. The fractional share of the taxes to be paid by Tenant is based on an overall square footage of the building of 20,000 square feet and the Tenant’s occupied space of 5,000 square feet.”
Paragraph 5 (c) of such lease states, in pertinent part, that:
"Tenant shall have the right to contest any tax levied against the premises, by writ of certiorari, or otherwise, in the same manner as provided by law for the owner of the property to contest the same * * *
"In the event Landlord shall not elect to institute a tax contest as aforesaid, Tenant may contest such taxes in accordance with the provision of this subparagraph (c). The party instituting the tax contest shall, upon the receipt of a refund, if any, pay to the other party, their pro rata share of any net *970 refund. As used herein 'net refund’ shall mean the total refund plus interest, if any thereon less the reasonable attorney’s fees and appraisal fee, disbursements and costs of the proceeding.”
At first glance, such paragraph would seem to require a holding that respondent ACE would have to share its good fortune in reducing the taxes owed on its portion of the premises. However, this court finds that such a holding would violate public policy as it would circumvent the legislative intent behind the ICIP.
A review of the statute implementing the ICIP and the rules and regulations of the ICIP (cited as ICIR) is necessary.
Administrative Code of the City of New York, title 11, chapter 2, subchapter 2, part 4 sets forth the "tax exemption
AND DEFERRAL OF TAX PAYMENT FOR CERTAIN INDUSTRIAL AND COMMERCIAL PROPERTIES”.
"On November 5, 1984, the Mayor approved Local Law No. 71 for 1984 which created a new Industrial and Commercial Incentive Program (ICIP). The ICIP provides for partial exemption or deferral of taxation on eligible industrial or commercial buildings which are constructed, modernized, rehabilitated, expanded or otherwise physically improved. ICIP benefits are granted as of right to all applicants whose projects qualify under the provisions of the legislation.” (see, New York City Dept of Fin ICIP Regs, Program Description).
ICIR § 1.101 sets forth the purpose of the ICIP as follows:
"(a) These regulations implement the Industrial and Commercial Incentive Program authorized by Title 2-D of Article 4 of the Real Property Tax Law and established, in the City of New York, by Title 11, Chapter 2, [Subchapter 2,] Part 4 of the Administrative Code of the City of New York.
"(b) The program is created to encourage the construction or reconstruction of improvements to real property for use for industrial or commercial purposes by granting partial exemption or deferral of the additional real property taxes which would otherwise be payable as a result of construction or reconstruction.”
Administrative Code of the City of New York § 11-256 provides, in pertinent part, that:
"a. 'Applicant’ means any person obligated to pay real property taxes on the property for which an exemption from or deferral of real property tax payments is sought or in the *971 case of exempt property, the record owner or lessee thereof * * *
"p. 'Recipient’ means an applicant to whom a certificate of eligibility has been issued pursuant to this part, or the successor in interest of such applicant, provided that where a person who has entered into a lease or purchase agreement with the owner or lessee of exempt property has been a co-applicant, such person or the successor in interest of such person shall be the recipient.”
The New York City Department of Finance has, pursuant to its rules and regulations, found the respondent ACE to be a proper applicant for and recipient of an exemption under the ICIP. ACE’s status as such is not being contested.
The issue presented here is whether the benefit of such exemption inures to an entire building when the exemption is granted based upon construction or improvements which are limited to only a portion of such building.
ICIR § 2.109 as to eligible property states, in pertinent part, that:
"(a) Benefits shall be granted only in respect to eligible property. For purposes of the determinations to be made under these regulations, property may be subdivided into the individual parts or components of a building.
"(b) Eligible property shall include only property which (1) constitutes all or part of an eligible building.”
ICIR § 2.110 as to eligible buildings states in pertinent part that: "(a) Only property which constitutes all or part of an eligible building shall be eligible property. ”
It is well settled that: "It is fundamental that a court, in interpreting a statute, should attempt to effectuate the intent of the Legislature (Matter of Petterson v Daystrom Corp., 17 NY2d 32, 38; see Matter of Carr v New York State Bd. of Elections, 40 NY2d 556), and where the statutory language is clear and unambiguous, the court should construe it so as to give effect to the plain meaning of the words used (Bender v Jamaica Hosp., 40 NY2d 560; New Amsterdam Cas. Co. v Stecker, 3 NY2d 1; Meltzer v Koenigsberg, 302 NY 523; Matter of De Peyster, 210 NY 216) * * * Hence, where as here the statute describes the particular situations in which it is to apply, 'an irrefutable inference must be drawn that what is omitted or not included was intended to be omitted or excluded’ (McKinney’s Cons Laws of NY, Book 1, Statutes, *972 § 240).” (See, Patrolmen’s Benevolent Assn. v City of New York, 41 NY2d 205, 208-209).
In the instant case, it is this court’s opinion that the New York City Council intended to promote major construction or reconstruction of commercial properties by offering tax incentives to those who undertook such work. As noted by the respondent ACE, the incentive to undertake such a burden would be severely diluted if the entire tax benefit did not accrue to the one who qualified for it.
Given the language concerning eligible property (see, ICIR § 2.109), it appears that the tax exemptions are intended to be tailored to fit the particular and circumscribed property which the application and certificate of eligibility encompass. Here, such eligible property is limited to the second floor of the premises, that is, the property which has been "subdivided into the individual parts or components” of the building. Allowing the exemption to apply to the entire building could result in portions of the building which may constitute ineligible property improperly receiving the benefit of the tax incentive. Clearly, such an outcome would not have been the intention of the City Council.
Accordingly, this court finds that the petitioner’s motion for summary judgment and for an inquest as to counsel fees is denied and the respondent ACE’s cross motion for summary judgment is granted. The tax exemption under the ICIP inures solely to the eligible property, that is, the space rented and improved by respondent ACE, and to the benefit of the applicant for and recipient of such exemption, that is, respondent ACE. The amended notice of petition and amended petition are hereby dismissed.