14-1844-cv
*Robert Osuna v. GEICO*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of August, two thousand fifteen.

PRESENT:

> ROBERT D. SACK,
> CHRISTOPHER F. DRONEY,
> > *Circuit Judges*,[*]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ROBERT OSUNA,

> *Plaintiff-Appellant*,

> v.                                                              No. 14-1844-cv

GOVERNMENT EMPLOYEES INSURANCE COMPANY,

> *Defendant-Appellee*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:          IAN ANDERSON, Kew Gardens, NY.

FOR DEFENDANT-APPELLEE:          FRANCIS J. SCAHILL, Picciano & Scahill, P.C., Westbury, NY.

---

[*] Judge Chester J. Straub, originally assigned to this panel, recused himself. The appeal was decided by two remaining members of the panel, who are in agreement as to the disposition, pursuant to Internal Operating Procedure E(b) of the Rules of the United States Court of Appeals for the Second Circuit. *See* 28 U.S.C. § 46(d).

Appeal from a judgment of the United States District Court for the Eastern District of New York (Bianco, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Plaintiff-Appellant Robert Osuna brought an action in New York state court against Defendant-Appellee Government Employees Insurance Company ("GEICO") alleging that GEICO was liable to defend and indemnify him in an action for personal damages brought against Osuna by his wife after she was injured in a car accident while Osuna was driving. Osuna alleged, *inter alia*, that GEICO violated New York Insurance Law § 3420(g)(2)[1] by failing to notify him of the availability and cost of supplemental spousal liability insurance in the premium notice. GEICO removed the case to federal court on the basis of diversity jurisdiction. Osuna later moved for summary judgment on the ground that New York Insurance Law § 3420(g) is a prohibited bill of attainder. On July 16, 2012, the district court denied Osuna's motion.

Osuna and GEICO then cross moved for summary judgment on counts 2, 3, and 4, the notification claims, as well as on other counts in the complaint.[2] In a memorandum and opinion dated April 17, 2014, the district court granted GEICO's motion for summary judgment as to all claims, except count 4, and on April 25, 2014, the district court dismissed Osuna's fourth count with prejudice under Federal Rule of Civil Procedure 41(a)(2) after Osuna moved to withdraw it. The entire case was dismissed with prejudice and closed on April 30, 2014.

We affirm the district court's denial of Osuna's motion for summary judgment in its July 16, 2012 memorandum, dismissal of Osuna's notification claims in its April 17, 2014 memorandum and order, and the district court's dismissal with prejudice of Osuna's fourth cause of action and entire case in its April 25, 2014 and April 30, 2014 orders. We assume the parties' familiarity with the facts, the issues on appeal, and the procedural posture of this case.

---

[1] New York Insurance Law § 3420(g) states that an insurance policy excludes coverage for injuries or death to the insured's spouse unless the policy expressly provides for spousal coverage. N.Y. Ins. Law § 3420(g). It is undisputed that Osuna's policy expressly stated that liability coverage did not apply to "any insured for bodily injury to the spouse of that insured." J.A. 115 (emphasis omitted). However, as discussed later in this order, New York Insurance Law § 3420(g) provides that insurers must provide supplemental spousal coverage upon written request of the insured and must also provide specific notice of the availability of supplemental spousal insurance coverage. N.Y. Ins. Law § 3420(g)(1), (2).

[2] Osuna alleged four additional causes of action in his complaint: count 1 (claiming unavailability of supplemental spousal liability insurance), count 5 (claiming his wife was not his spouse at the time of the accident), count 6 (claiming that the policy definition of "spouse" did not apply to his wife), and count 7 (claiming estoppel). The district court also denied Osuna's motion for summary judgment on these counts and granted GEICO's cross motion for summary judgment. These counts of the complaint are not at issue in this appeal because Osuna has not briefed them in his submissions to the Court, and thus he has forfeited them. *See Universal Church v. Geltzer*, 463 F.3d 218, 229 (2d Cir. 2006) ("Generally claims not raised on appeal are deemed abandoned, at least when it is the appellant who fails to do so."); *see also United States v. Ferguson*, 676 F.3d 260, 282 (2d Cir. 2011) (noting that waiver is the intentional relinquishment of a known right, whereas forfeiture is the failure to make a timely assertion of the right).

2

We "review[] a district court's grant of summary judgment de novo, viewing the facts in the light most favorable to the non-moving party and resolving all factual ambiguities in its favor." *Singh v. City of New York*, 524 F.3d 361, 366 (2d Cir. 2008).

1. New York Insurance Law § 3420(g) and the Bill of Attainder Clause

We agree that New York Insurance Law § 3420 is not a bill of attainder for substantially the same reasons expressed in the district court's July 12, 2012 order. The Bill of Attainder Clause, U.S. Const. art. I, § 9, cl. 3, prohibits any "law that legislatively determines guilt and inflicts punishment upon an identifiable individual without provision of the protections of a judicial trial." *Selective Serv. Sys. v. Minn. Pub. Interest Research Grp.*, 468 U.S. 841, 846-47 (1984) (internal quotation marks and citation omitted). To determine whether a law is a bill of attainder, we consider:

> (1) whether the challenged statute falls within the historical meaning of legislative punishment (historical test of punishment); (2) whether the statute, viewed in terms of the type and severity of burdens imposed, reasonably can be said to further nonpunitive legislative purposes (functional test of punishment); and (3) whether the legislative record evinces a legislative intent to punish (motivational test of punishment).

*ACORN v. United States*, 618 F.3d 125, 136 (2d Cir. 2010) (internal quotation marks, alteration, and citation omitted).

Here, the exclusion of spousal coverage is not a punishment in the traditional or historical sense. *See Consol. Edison Co. of N.Y., Inc. v. Pataki*, 292 F.3d 338, 351 (2d Cir. 2002) (enumerating historical examples of punishment such as death, banishment, confiscation of property, and imprisonment). Moreover, because an insured may "upon payment of a reasonable premium established in accordance with [New York Insurance Law]" receive supplemental spousal liability insurance, the exclusion of spousal coverage is not functionally punitive. N.Y. Ins. Law § 3420(g)(1). New York has a legitimate interest in regulating its insurance industry, and the burden of an additional premium for supplemental spousal coverage is not disproportionately severe. *See ACORN*, 618 F.3d at 140-41. Finally, Osuna has not pointed to any evidence in the legislative record of a clear legislative intent to punish married couples. *Cf. id.* at 141-42 (surveying the legislative record and finding insufficient evidence of punitive intent); *see also id.* at 139 (noting that the burden of proof is on the party arguing that a statute is a bill of attainder); *Nixon v. Admin. of Gen. Servs.*, 433 U.S. 425, 471 (1977) ("However expansive the prohibition against bills of attainder, it surely was not intended to serve as a variant of the equal protection doctrine, invalidating every Act of Congress or the States that legislatively burdens some persons or groups but not all other plausible individuals." (footnotes omitted)). Thus, the district court properly concluded New York Insurance Law § 3420(g) was not a bill of attainder and denied Osuna's motion for summary judgment.

2. Notification Claims under New York Insurance Law § 3420(g)

The claims from Osuna's complaint that are relevant to this appeal—counts 2 and 3—focus on the effect of New York Insurance Law § 3420(g). On appeal and in his motion papers before the district court, Osuna argued that New York's spousal exclusion from coverage should not apply because the accident occurred in Pennsylvania. The district court properly applied New York's choice of law rules. *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496-97 (1941). Under New York's choice of law analysis, New York Insurance Law § 3420(g) governs the insurance policy because New York is the state where the policy was issued. *See New Amsterdam Cas. Co. v. Stecker*, 143 N.E.2d 357, 358-59 (N.Y. 1957). Moreover, contrary to Osuna's argument, there is no basis to conclude that the policy itself contemplates the application of Pennsylvania law in defining the scope of coverage to extend to spouses. *See* J.A. 554 ("[W]e agree to increase your coverages to the extent required of out-of-state motorists by local law[.]" (emphasis omitted)). Thus, the district court properly concluded that New York law should apply.

The district court then dismissed counts 2 and 3 of Osuna's complaint because Osuna's insurance policy predated January 1, 2003. The district court reasoned that, under New York Insurance Law § 3420(g)(2), policies effective after January 1, 2003, must include a supplemental spousal insurance coverage notification on the front of the premium notice in boldface type, but policies originally issued before January 1, 2003 need not have the notification in boldface type on the front of the premium notice. *See* N.Y. Ins. Law § 3420(g). The district court concluded that Osuna's policy was "originally issued" in August 1999, and the district court did not consider the renewal policy in effect at the time of the accident in 2009 to be a newly issued policy. *Osuna v. GEICO*, No. 11-CV-3631 (JFB) (AKT), 2014 WL 1515563, at *8-9 (E.D.N.Y. Apr. 17, 2014). Osuna argues that his insurance policy was a new policy issued after January 2003, because February 2009 was the first time that his Audi vehicle was insured. Osuna contends that the district court mistakenly concluded that the auto policy covering the Audi was originally issued and effective before 2003. We disagree. The district court correctly concluded that the policy in effect at the time of accident was "originally issued" before January 1, 2003, because it was a renewal of a policy dating back to August 1996.[3] The plain text of New York Insurance Law § 3420(g) requires a once-yearly notification for policies "originally issued prior to" January 1, 2003, and the boldface requirement only applies "[u]pon issuance of a motor vehicle liability policy . . . that becomes effective on or after" January 1, 2003. *See* N.Y. Ins. Law § 3420(g)(2). Here, Osuna's policy was "originally issued" before January 2003, and thus was subject only to the once-yearly notification and not the boldface requirement and placement requirement.[4] Thus, we affirm the district court's dismissal of counts 2 and 3 of

---

[3] Although the district court referred to August 1999 as the original date of issuance, the record on appeal reflects that Osuna's insurance coverage actually began on August 7, 1996. *See* J.A. 544, 517.

[4] To pursue this appeal, Osuna withdrew his remaining cause of action, count 4, alleging he never received the once-yearly notification of the supplemental spousal liability coverage. The district court dismissed his fourth cause of action with prejudice, and Osuna has no remaining claims. We find no basis to set aside the district court's dismissal of count 4.

4

Osuna's complaint.[5]  We have considered the plaintiff's other arguments and conclude they are without merit.

For the foregoing reasons, we **AFFIRM** the district court's April 30, 2015 judgment.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[5] At oral argument on March 18, 2015, we asked the parties to submit supplemental briefing addressing N.Y. Comp. Codes R. & Regs. tit. 11, § 60-1.6, a regulation that the parties had not mentioned and that the district court had not considered.  N.Y. Comp. Codes R. & Regs. tit. 11, § 60-1.6 is a regulation interpreting New York Insurance Law § 3420(g) and states that for "all policies issued or renewed that become effective on and after January 1, 2003" the notification of supplemental spousal liability insurance must be contained "on the front of the premium notice in boldface type and include a concise statement that supplemental spousal liability insurance is available, an explanation of the insurance, and the premium for the insurance."  N.Y. Comp. Codes R. & Regs. tit. 11, § 60-1.6(b)(2).  In his appellate submissions, Osuna did not argue that his policy was subject to these notification requirements because his policy was a renewal of a policy originally issued before 2003 and was therefore subject to the regulation's boldface requirements.  Osuna's Fed. R. App. P. 28(j) letter also did not address whether the regulation is a correct interpretation of New York Insurance Law § 3420(g), nor did it argue that the boldface requirement must apply to renewals of policies issued before 2003.  Therefore, Osuna forfeited any claim of deficient notice of the availability and cost of supplemental spousal insurance under N.Y. Comp. Codes R. & Regs. tit. 11, § 60-1.6.  Because Osuna has not addressed whether GEICO complied with the notification requirements of N.Y. Comp. Codes R. & Regs. tit. 11, § 60-1.6, we do not address whether the district court's interpretation of New York Insurance Law § 3420(g) conflicts with the regulation.  *See Katel Ltd. Liab. Co. v. AT&T Corp.*, 607 F.3d 60, 68 (2d Cir. 2010) ("An argument raised for the first time on appeal is typically forfeited.").