Mario Pittoni, J.
Petitioner, a cabaret licensee, sues under article 78 of CPLB to have the restriction imposed on petitioner by respondent village declared void and in excess of the rights and powers granted to the village by its own code, and to direct the village to grant petitioner a license without restriction as to the number of nights for its use.
The village has granted petitioner a cabaret license pursuant to chapter 4, article V, of its code. However, it has limited the exercise of the license to three nights, any three nights of the week.
Nowhere in chapter 4, article V, does it say that a license may be granted for a limited number of days or nights per week (see § 4-78). Once petitioner has satisfied the requirements of section 4-66 of article V of the code, the village shall grant the license without days ’ or nights ’ limitation.
*696 If petitioner licensee abuses the privileges and rights granted thereunder, the village may, of course, suspend or revoke the license pursuant to section 4-73 of article V, for a violation of law, disorderly, obscene or immoral conduct, or for any other good cause mentioned in that section. However, such grounds so stated for suspension or revocation are for wrongdoing after a previously granted license is in use.
The village’s attempt to call upon section 4-53 of article IV, as authority for its limitation of petitioner’s cabaret activity to three nights, must fail. First, section 4-53 mentions the village’s right to restrict “ the hours of opening and closing.” Here, we are dealing not with such restrictions but with the “ days ” or “ nights.” The words involved and their use here are clear; their sense is obvious and of ordinary import. To stretch the words ‘ ‘ hours ” to “ nights ’ ’ would be unreasonable (McKinney’s Cons. Laws of N. Y., Book 1, Statutes, §§ 76, 94,145, 232). Second, section 4-53 of article IV, by its language applies only to article IV and not to article V, the one now in issue. Third, article V has its own section, that is, 4-77 which prescribes hours of operation for licensed cabarets. This, too, would exclude the use of section 4-53 of article IV, to interpret the “ hours ” therein into the number of “ nights ” in issue.
As the Court of Appeals said in a prior case involving respondent village: ‘ ‘ The village board apparently ignored the provisions of its own code with reference to the issuance of cabaret licenses ”. (Matter of Vancouver Drive Rest. v. Board of Trustees of Vil. of Massapequa Park, 33 N Y 2d 580, 581.)
Other contentions have been made by the parties. However, it is unnecessary to consider them for this decision.
Having found petitioner eligible for a cabaret license and having granted such license pursuant to section 4-66 of article V, the village had no right to restrict the license to three nights per week. The respondent village, therefore, shall grant petitioner a new license pursuant to that section free from restrictions as to the nights the license may be exercised or shall amend the now existing license accordingly.