OPINION OF THE COURT
Victor J. Orgera, J.
The memorandum decision of this court dated June 29, 1981 which granted plaintiffs’ motion for summary judgment, without opposition, is recalled. It appears that one set of opposition papers was submitted on Motion Nos. 8995 and 9005, both for summary judgment, and were only submitted on Motion No. 9005. The court would point out that separate opposition papers should have been submitted with both motions, thereby obviating the unnecessary problem that developed here.
The motion seeks summary judgment on the third and fourth causes of action of the amended complaint and to dismiss defendant’s counterclaim. That part of the relief which seeks to dismiss the third-party complaint is not appropriate and is dealt with in the decision relating to Motion No. 9005.
The following facts are not in dispute: In December of 1978 the plaintiff Aloumet Fashions, Inc., suffered a burglary loss at its place of business. It retained the defendant Gutenplan to represent it in adjusting the claim under a *341 multi-peril policy of insurance issued by the third-party defendant Fireman’s Fund. Plaintiff was paid the sum of $146,770.01 by Fireman’s Fund under the policy. The defendant Gutenplan is a public adjuster licensed pursuant to section 123 of the Insurance Law, but despite the retainer agreement providing for a fee of 10% of the loss, it has not been paid.
The third cause of action alleges that even if Aloumet Fashions is liable, the plaintiff Zarrell is not. The fourth cause of action alleges that the retainer agreement is void and the defendant, therefore, is not entitled to any fee. It is the plaintiff’s contention that a public adjuster is not authorized to adjust losses other than fire losses. The defendant takes the position that it is authorized to adjust any claim which arises under a policy of fire insurance.
Section 123 of the Insurance Law provides that no person shall act as an adjuster (independent or public) unless licensed by the superintendent of insurance. It defines a public adjuster as one who may adjust a claim or loss “caused by, or resulting from, fire ocurring [sic] in this state”. (Insurance Law, § 123, subd 3, par [b].).Section 232 of McKinney’s Statutes (McKinney’s Cons Laws of NY, Book 1, Statutes, § 232) provides that “words of ordinary import used in a statute are to be given their usual and commonly understood meaning, unless it is plain from the statute that a different meaning is intended.” To expand the meaning of fire to cover burglary loss would be unwarranted and unreasonable (Matter of Solomon Grundy’s Frigate v Incorporated Vil. of Massapequa Park, 76 Misc 2d 695). It is not for the courts to legislate under the guise of interpretation and where the language of a statute is clear and explicit, any evil flowing therefrom is a matter for the Legislature (Bright Homes v Wright, 8 NY2d 157).
Accordingly, the court declares that as the plain language of section 123 of the Insurance Law prohibits the defendant’s entitlement to a fee for adjusting a burglary loss, neither Aloumet Fashions, the insured, nor Michael Zarrell, who signed the retainer agreement, are liable to pay any fee provided for therein. The counterclaim which *342 is based on that agreement is dismissed for the same reason.