OPINION OF THE COURT
Charles B. Lawrence, J.
This motion by the plaintiffs for summary judgment dismissing the counterclaim by the defendant, Perry Cohen Associates, Inc. (hereafter Perry), is granted.
The essential facts as they relate to this counterclaim are not in dispute. The defendant Perry, a licensed public adjuster, was retained by plaintiffs, in writing, to assist in adjusting a claim against their insurance carrier, with respect to a burglary loss, which occurred on March 14, 1979.
It is plaintiff’s contention that pursuant to section 123 of the Insurance Law, Perry is permitted to adjust only fire damage claims and may not receive compensation for adjusting any claim, other than a fire loss.
Defendant Perry, on the other hand, contends that while public adjusters must be licensed under the Insurance Law in order to adjust fire losses on behalf of insureds and receive compensation therefor, there is no provision in that law precluding them from also adjusting other types of losses, and receiving payment therefor.
*271 Section 123 of the Insurance Law is an expression of the legislative intent to authorize and regulate the activities of persons who adjust claims for damages coveted by insurance. It provides for the licensing and supervision of adjusters of insurance claims and for their right to receive compensation.
The court’s research in this matter has led to but two cases dealing with the issue raised by this motion.
In Abrams Adjusters v Lewis (NYLJ, June 17, 1980, p 10, col 7), a matter involving the right of public adjusters to adjust flood damage claims, Mr. Justice Fritz Alexander (now sitting in the App Div, 1st Dept) held that section 123 of the Insurance Law is the “well-spring” of a person’s right to act as an adjuster; that the plain language of the statute makes it clear that no person may act as an adjuster unless licensed to do so by the Superintendent of Insurance, and that “Public adjusters do not have nor have they had the right, under Insurance Law section 123, to assist in the adjustment and settlement of losses resulting other than from fires occurring in this state” (Supra, p 10, col 7; emphasis supplied.)
Similarly, Justice Victor J. Orgera (Supreme Ct, Suffolk County) in deciding Zarrell v Gutenplan Assoc. (111 Misc 2d 340, 341) on August 12, 1981, a case involving a public adjuster’s right to compensation, held that “the plain language of section 123 * * * prohibits the defendant’s entitlement to a fee for adjusting a burglary loss”.
These views expressed in Abrams and Zarrell (supra) are apparently similar to the views held by the Superintendent of Insurance which prompted him to issue circular letter No. 8 dated February 7, 1979 cautioning and reminding public adjusters and insurance companies that section 123 does not permit public adjusters to negotiate for or effect a settlement of flood damage claims.
It is beyond peradventure that negotiation, adjustment and collection of claims or demands based upon an insurance loss constitutes the practice of law and, but for certain exceptions authorized by statute,* should be conducted by *272 attorneys at law, and if not, would constitute the unlawful practice of law.
Other jurisdictions have held that a person who holds himself out to the public as being engaged in the business of negotiating, adjusting and collecting claims or demands for individual insureds, if not an attorney, will be deemed to be engaged in the unlawful practice of law. (See Wilkey v State ex rel. Smith, 244 Ala 568, cert den 320 US 787; Rhode Is. Bar Assn. v Lesser, 68 RI14; Liberty Mut. Ins. Co. v Jones, 344 Mo 932; see, also, 16 Appleman, Insurance Law and Practice, § 8646 et seq.) This court has been unable to find any authority speaking directly to that specific question in this jurisdiction.
The Legislature clearly recognized that the adjustment of insurance damage claims constitutes the practice of law by exempting attorneys at law from the license requirements of section 123. By carving out specific exceptions so as to permit authorized licensees, public adjusters, to engage in the adjustment of fire losses on behalf of insureds, and other authorized licensees, independent adjusters, to engage in the adjustment of any type of insured loss on behalf of insurers, the Legislature met a specific need of the insurance industry while still protecting the insurance consumer from unscrupulous adjustment practices (see New York Insurance Dept abstract of reports 1860-1935, compiled by Grace Dorn relating to former section 138-a of the Insurance Law; Bill Jacket collection, L 1945, ch 624).
In view of the fact that there is no provision in the Insurance Law authorizing public adjusters to act on behalf of insureds with respect to losses, other than fire losses, defendant’s contention that it may do so has no support in law and must be rejected.
If the insurance industry feels that additional exceptions should be carved out to permit public adjusters broader authority to act for insureds, that is a matter for the Legislature.
“The courts are not free to legislate and if any unsought consequences result, the Legislature is best suited to eval *273 uate and resolve them” (Bender v Jamaica Hosp., 40 NY2d 560, 562).
Accordingly the counterclaim of Perry is dismissed.

 In addition to authorizing licensed public adjusters to adjust fire losses, section 123 of the Insurance Law recognizes that a licensed insurance broker may adjust a loss *272 under a policy he placed and a licensed broker who had been designated in writing by the insured prior to any loss may act for the insured.